HbmpiiilXj, Ch. J.
It is manifest from the petition and from the argument in support of the judgment that the suit is brought upon, and the judgment is supposed to be sanctioned by, the 4th and 5th sections of the act of 1848, defining marital rights. (Arts. 2423, 2424.)
The 4th section declares that the husband and wife may be jointly sued for all debts contracted by the wife for necessaries furnished herself or children, and for all expenses that may have been incurred by the wife for the benefit of her separate property. And the oth provides that, on the trial of suits authorized under the previous section, if it shall appear to the satisfaction of the court and jury that the debts so contracted and so incurred were for the purposes enumerated in said section, and also that they were reasonable and proper, the court shall decree that execution'may upon either the common property or the separate property of the wife, at the discretion of the plaintiff.
These provisions present anomalies not easily to be reconciled. The wife is made liable for necessaries for herself and children, without restricting this to cases of insolvency of the husband; to where he has no property and there is none belonging to the community; and without providing that in cases where she incurs liability for expenses for the benefit of her separate property, she may take the-same under her own control that its proceeds may be certainly employed to the discharge of such expenses; or if the property be managed and its proceeds received by the husband, that it should be under the express or implied authority of the -wife. The rule that the husband shall be liable for necessaries furnished the wife is one of general obligation. It is founded on the most substantial reasons. At common law, he has by marriage all the personal property of the -wife, and the rents, issues and profits of her real estate. Under the laws of Spain and Louisiana, the proceeds of the separate property of each partner, as a general rule, bw omc common property ; and he has that and all other community property under his control to defray the charges of the matrimony. Under our own laws, ne has the active administration and disposition of all community property, and is in receipt of the proceeds of the separate property of the wife; and it is not without reason that he should at least be primarily liable for all the charges of every description, incurred dur *64 ing tlio marriage, as well for necessaries for his wife and children as for expenses for her separate properly, provided the proceeds of such property in his hands are sufficient for the discharge of such expenses.
To elaborate these positions and to show in what cases only should liability for necessaries be thrown upon tlie wife, or for expenses for her sepárale property, and when, if those be incurred by her she should have tlie power of control, would require more time than can be devoted to tlie subject. It is sufficient to say, that the objections to Hie comprehensive scope of the provision are not applicable in this case. Here f hero is neither property in the husband nor in the community, unless the proceed ! of tlie wile’s property he deemed such.
The iirst question, then, before us is, whether this action is for such liability as is contemplated by the statute. The debts provided for are those contracted by the wife for necessaries furnished herself or children, a.nl expenses incurred by her for the benefit of her separate property. There i < no evidence in this case that any of this debt was incurred for the benefit of the wife’s separate property. The sole question, then, is, whether tlie debt was contracted by herself for necessaries for herself and children.
The evidence is that she did not personally contract for any of the articles; ■that they were credited to tlie husband, ami were all received through him or some of the children. lie denies that he acted as the agent of the wife. She does not admit it, hut only that she received goods of "the character of those charged in the account without inquiry from whence they came. There is evidence, however, that she recognized and sanctioned purchases made by him elsewhere. The evidence to charge her with this contract as one made by herself, or by her husband acting under implied authority as her agent, is not satisfactory; but as tlie jury, who were acquainted with tlie parties and the witnesses, have so found, the presumption in favor of verdicts will support tlie .judgment in this particular. It may be remarked, however, tiiat tiio statute evidently contemplates that tho debt should be contracted by the wife personally; and if it be made by her agent, her assent must appear; and if tlie •authority arise only by implication, the circumstances must he clear and strong upon which such authority is to he presumed.
But tlio debt must not bo contracted authorized it must be for necessaries furnished herself and children. There‘is no evidence that tlie whole of tlie accouut for which judgment was given consisted of articles of necessity for the wife and her children. The husband admits only that some of these went to the use of tlie wife and children. Mr. Smithers testifies that the articles wore such as he would consider necessaries in such families as the defendants’. And this is all tlie evidence pertinent to the particular issue. This is clearly not sufficient to sb-’-w tiiat tlie articles were necessaries for the wife and children. They may all have been necessary for tlie family, hut not for the wife and children. A husband is a member of tlie family; but a necessary for him is not one which, under die stauife, would involve the wife’s property in responsibility. Tiiat tlie statutory liability may be raised, it must bo proven that the debt was contracted by tlie wife oilier authorized agent for necessaries for herself and children, and that diey were reasonable and proper in themselves. The judgment, in this ease, must rest upon tlie testimony of Mr. Smithers; anil his attention was not directed to the distinction between family necessaries generally and necessaries for tlie wife and children. We are of opinion tiiat. tlio verdict is contrary to evidence, and tiiat tho judgment must be reversed and the cause remanded.
The suit is brought exclusively upon the statute. The allegations are, that tlie ill-tides were for necessaries for the wife and children, and the benefit of the separate property; and the proof should have corresponded to the averments. Independently of tlie statute, I am of opinion that where tlie husband lias no property, and there is none in the community, the property of the wife must he subjected to tlie payment of debts contracted by her or her authority for necessaries for the family generally. This rule is subject to modifications *65 depending- somewhat upon the amount of such property, the ability of the husband to support himself, and other circumstances which need not he detailed. lint, as demands of this character (embracing every species of family necessaries) are not within the purview of the statutes, the courts are under no obligation to render judgment in the form prescribed by the statute. In tiie exercise of their equity powers they can render such judgment as will do justice to the creditor, and save the property of tiie wife from unnecessary sacrifice. They can and should ascertain whether it be necessary for the payment of the debt that the corpus or capital of the property be expended, or whether the rents and profits or the hire of slaves may not be sufficient for that purpose. And if so, they should be thus applied, and the debt in this manner discharged.
The judgment proscribed by the statute is objectionable in itself. It is characterized by a peculiar feature, and one which is oppressive upon the wife. It authorizes the creditor at discretion to levy upon the common property or the separate property of the wife. Now, if we can imagine a case in which a married woman ought not to be made liable where there is common property, then we find one in' which the creditor ought to have no discretion to levy on the separate property of the wife. The common property is the primary fund for tito discharge of’the community debts. This is believed to be the rule under all laws where a community of property is recognized. It is so under the laws of Spain — tiloso of Louisiana — our own statute of 18-10 — and, in effect, it is so under a preceding section of this statute of 1848. The discretion given to the creditor by this statutory judgment is in direct contravention of this general principle; and its injurious operation affects that partner in the matrimony, whose legal disabilities expose her to so many inconveniences, and whose position shot!id shield her from judgments repugnant on tiie general law of the laud to the circumstances of her ease. The character of the judgment is not one which commends it to adoption, unless under circumstances especially pointed out by statute. And I have no hesitation in saying that, even then, if títere were common property no such judgment should be rendered. The property of the wife is protected by the constitution and cannot be sacrificed for debts cont racted during marriage wliere there is common property from which these may be satisfied.
I ltave avoided in this case tiie expression of any opinion as to whether the hire of the slaves or tiie proceeds of their labor constituted community property or not. That question is before us in other causes, and requires no opinion in lilis. It is ordered, adjudged, and decreed that (lie judgment against the husband and wife be reversed, and the cause remanded; and that the judgment against the husband remain undisturbed; and the defendants in error pay the costs of this court.
Ordered accordingly.
Note 23. — See Magee v. White, 23 T., 180; Hutchinson v. underwood, 27 T., 255; Stansbury v. Nichols, 30 T., 145.