**BURLESON v. GRAVES et ux.    (No. 6650.)**

(Court of Civil Appeals of Texas.    Oct. 24, 1923.)

**1. Husband and wife ⊚⟞23—Facts held to estop husband to deny wife's agency in signing note and mortgage.**

. Where a husband told his wife she could buy any business she desired, gave her a vendor's lien note to help pay for it, went with her to inspect the property, was present when the deal was closed, knew that she signed his name to the notes and a mortgage on his automobile, and with her accepted the property and went into actual possession without at any time objecting or protesting, he was liable as principal on the notes and mortgage and estopped by his silence to deny her agency.

**2. Husband and wife ⊚⟞23—Authority to wife to purchase property held to authorize her to sign husband's name to note and mortgage.**

Where defendant vested his wife with full authority to make a trade and without protest went into possession with her of the store and dwelling purchased, knowing that she signed his name to notes and mortgage, whether he authorized her in advance to sign his name, or ratified her conduct afterwards, was immaterial.

**3. Appeal and error ⊚⟞1002—Jury's findings on conflicting evidence only disturbed if overwhelmingly against preponderance of evidence.**

The appellate court will not disturb the findings of a jury based on conflicting evidence unless it clearly appears that the verdict is so overwhelmingly against the preponderance of the evidence as to clearly show it wrong.

**4. Husband and wife ⊚⟞23½—Evidence held to show husband's appropriation of benefits of wife's contract for mutual benefit.**

In an action on notes and to foreclose a chattel mortgage given in purchase of a business, evidence *held* to show as a matter of law that defendant husband with his wife appropriated all the benefits of his wife's contract for their mutual benefit.

**5. Husband and wife ⊚⟞23½—Husband could not rescind wife's contract made in his name and retain benefits.**

A husband wishing to rescind his wife's contract made in his name must rescind the whole transaction and could not retain the benefits without assuming the note and mortgage given by her in his name.

**6. Pleading ⊚⟞339—Pleas abandoned by relying on other pleas and failing to request charges.**

In an action on a note and mortgage, defendants abandoned their pleas of fraud in the procurement, damages, and failure of consideration by failing to request their submission to the jury and by confining their defenses to other pleas.

**7. Husband and wife ⊚⟞152—Extent of wife's liability on contracts stated.**

A wife can bind herself only for necessaries for herself and children and expenses incurred for the benefit of her separate property.

**8. Husband and wife ⊚⟞151 (5)—Purchase of store and dwelling by wife held commercial enterprise not rendering her liable.**

A purchase by a wife, for the mutual benefit of herself and husband, of a combined store and dwelling house, was primarily a commercial enterprise, and hence a judgment against the wife would not be authorized.

Appeal from Milam County Court; Jeff T. Kemp, Judge.

Action by G. E. Burleson against Bluford Graves and wife. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

B. P. Matocha, of Cameron, and Clay Mc-Clellan, of Gatesville, for appellant.

W. E. Forgy, of Archer City, for appellees.

### Statement.

BAUGH, J.  Plaintiff sued defendants on four notes for $100 each, and for foreclosure of a mortgage on an automobile given to secure same. and sequestrated the car. Defendants answered separately, the wife setting up her coverture, alleging that she signed her name and that of her husband without his consent or authority to the notes and mortgage in question, as part payment for a combined grocery store and rooming house in Mexia. She also, in her answer, denied his ratification of her acts, and alleged fraud in the procurement of the notes and mortgage, and failure of consideration. The husband, in his answer, denied authorizing his wife to sign his name to the notes or mortgage, denied ratification, alleged that the automobile was his separate property, and filed a cross-action against plaintiff and the sureties on his sequestration bond for damages, and asked for restitution of his car. Plaintiff filed supplemental petitions addressed to the answer of each of the defendants. After hearing all the evidence, the case was submitted to the jury on the following special issues:

"Special Issue No. 1.  Did the defendant Bluford Graves authorize and empower the defendant Doshia Graves to execute the notes and mortgage in suit in his name, or for him prior to her execution of the same. Answer yes or no according to the facts."  Answer: "No."

"Special Issue No. 2.  If you answer the first question yes, then you will consider this case no further, but will return your answer and verdict into court; but if you answer the first question no, then you will answer the following question: After the defendant Bluford Graves was informed that his wife, Doshia Graves, had executed the notes and mortgage in suit in his name, did he ratify and confirm her act in so doing, that is, was he then willing to be bound by her act in signing his name to the notes and mortgage.  Answer yes or no

⊚⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

according to the facts as you find them." Answer: "No."

"Special Issue No. 3. If you answer the second question yes, then you will not proceed any further in your consideration of this case; but if you answer the question no, then you will answer the following question: After being informed that his wife, Doshia Graves, had signed his name to the notes and mortgage in suit, did the defendant Bluford Graves, with such knowledge, accept the benefit of the contract which was made in his name, that is, did he appropriate to his own use and benefit goods sold and delivered to defendants and the property which they received in the trade with plaintiff?" Answer: "No."

"Special Issue No. 4. What is the reasonable value, if any, of the use of the automobile per day in question to the defendant Bluford Graves?" Answer: "Not any."

Based upon these findings, the trial court rendered judgment against the plaintiff and for the restitution of said automobile to the defendant Bluford Graves.

### Opinion.

Appellant urged in his motion for a new trial, and urges here, numerous errors of the trial court. But we are of the opinion that one of them finally disposes of the case and do not deem it necessary to discuss the others. At the close of the evidence, the plaintiff requested the court to give the jury a peremptory instruction for judgment on the notes and foreclosure of the mortgage. We are of the opinion that the court should have done so.

[1, 2] It has been repeatedly held that the wife may act as the agent of the husband, and that such agency may arise from the conduct of the parties as well as by express authority. Crutcher v. Sligar (Tex. Civ. App.) 224 S. W. 227; Parrott v. Peacock Military College (Tex. Civ. App.) 180 S. W. 132; Lilly v. Yeary (Tex. Civ. App.) 152 S. W. 823; Lumber Co. v. Smith, (Tex. Civ. App.) 151 S. W. 605. In this case it is undisputed by the defendants themselves that the husband, Bluford Graves, told his wife she could buy any business she desired, gave her a $625 vendor's lien note to help pay for same, went with her to inspect the property she did buy, was present when the trade was finally closed with the appellant, knew then that she had signed his name to the notes and mortgage, and with her accepted the property and went into actual possession of same without at any time either protesting or objecting to her conduct. He admitted that he gave her blanket authority to make whatever trade she saw fit. We think he clearly held her out as his agent, that she became such in this transaction, and within the scope of her authority bound him by her action in executing the notes and mortgage. By his silence when he could and should have repudiated her agency, if it did not, in fact exist, he is now estopped to deny same.

Having so vested her with full authority to make the trade and buy the property, and having gone with her into the possession of it without protest, knowing at the time that she had signed his name to the notes and mortgage, it is immaterial whether he authorized her in advance to sign his name to such instruments. It is not necessary, therefore, for this court to set aside the findings of the jury in answer to special issue No. 1, in order to determine the agency of the wife. If the defendant, Bluford Graves, was bound by the acts of his wife as his agent under the circumstances as we are of the opinion that he was, it is immaterial whether he ratified her conduct afterwards. The finding of the jury on special issue No. 2 is then of no consequence.

[3-5] The appellate court will not disturb the findings of a jury based upon conflicting evidence, nor set such findings aside, unless it clearly appears that the verdict is so overwhelmingly against the preponderance of the evidence as to clearly show that it was wrong. This is unquestionably true of the jury's answer to special issue No. 3. Their finding is not only not supported by the evidence, but in direct contradiction to the testimony of the defendants themselves, both of whom admit that they went into possession of the property, lived in the rooming portion of the building, and sold, used, or removed the stock of groceries bought. This issue clearly should have been answered in the affirmative. Having availed himself of the benefits of his wife's contract, the husband must also take its burdens. The defendants at no time denied that they had paid $625 under the contract by transfer and delivery to appellant of the vendor's lien note for that amount; nor have they by pleading or otherwise tendered back to the appellant any of the property bought from him, or demanded the return of the vendor's lien note. The husband, acting with the wife, received and appropriated all the benefits of his wife's contract, which was for their mutual benefit, and admits that he ratified her action in indorsing the vendor's lien note, but seeks to repudiate the remainder of the consideration; i. e., the notes sued upon herein. This he is not permitted to do. He must either rescind the entire contract or affirm it in its entirety. Pittman & Harrison Co. v. Robey & Co. (Tex. Civ. App.) 234 S. W. 1114. Nor can he retain the benefits derived from a repudiated agency unless he also assumes the burdens imposed thereby. Barbee v. Spivey (Tex. Civ. App.) 32 S. W. 345; Sullivan & Co. v. Ramsey (Tex. Civ. App.) 155 S. W. 580.

[6] We conclude that the defendants abandoned, in the trial court, their pleas of fraud, damages, and failure of consideration on the notes, as none of these issues were submitted to the jury; nor does it appear that they asked that any of them be submitted. They seem not to have objected to the court's

charge and appear to have rested their defenses entirely on the question of the wife's coverture, her lack of authority, and the husband's repudiation of her agency.

[7, 8] But we are of the opinion that no judgment should be rendered against the wife. It is the settled law of this state that the wife can bind herself only for necessaries for herself and children and for expenses incurred for the benefit of her separate property. Though the transaction in which the notes were executed was, to a limited extent, for necessaries, it was primarily a commercial enterprise entered upon for purposes of profit. In this transaction she acted as the agent of the husband and he is bound thereby. Judgment should therefore be rendered against him. Kellett v. Trice, 95 Tex. 160, 66 S. W. 51; Flannery v. Chidgey, 33 Tex. Civ. App. 638, 77 S. W. 1034; Lilly v. Yeary (Tex. Civ. App.) 152 S. W. 823.

For the reasons given the case will be reversed and judgment rendered for the appelant, G. E. Burleson, against the defendant Bluford Graves, for the amount of the notes sued upon, including principal, interest, and attorney's fees, for costs of suit, for foreclosure of his mortgage on the automobile as described and prayed for in appellant's original petition, and against the appellee on his cross-action.

Reversed and rendered.