## PARKER v. CASEY et al.
### No. 701.

Court of Civil Appeals of Texas. Eastland.
June 6, 1930.

J. R. Stubblefield, of Eastland, for plaintiff in error.

Grisham Bros., of Eastland, for defendants in error.

HICKMAN, C. J.

The appeal is from a judgment of the court below granting to defendants in error a reformation of a mineral deed. On January 13,

1919, J. V. Parker and wife, Josie Parker, conveyed to I. Lane, C. Simmons, R. L. Ellis, U. Casey, and U. F. Casey an undivided ⅟₃₂ interest in and to all the oil, gas, and other minerals in and under and that might be produced from a certain tract of land in Eastland county, containing 25 acres more or less. The instant suit was brought by some of the vendees named in this deed and other parties who claim to be successors in title to the other vendees, for the purpose of having the deed reformed so as to convey an undivided ¼ interest in the minerals instead of an undivided ⅟₃₂ interest therein. The substance of the allegations, so far as necessary to be stated in this opinion, was that through mutual mistake only a ⅟₃₂ interest was conveyed, when it was intended by all parties that a ¼ interest be conveyed. In the alternative it was alleged that the failure of the deed to convey a ¼ interest was due to the fraud of the grantors. Judgment was entered granting the relief prayed for and ordering the reformation, and from that judgment this appeal is prosecuted.

Before announcing ready for trial, the plaintiff in error filed a written suggestion with the court that there were other parties interested in the minerals under the land described in the petition, and that such owners should be made parties to the suit. The court heard evidence on this issue before the parties announced ready for trial, but overruled the suggestion and tried the cause on its merits. This ruling of the court is made the basis of plaintiff in error's first assignment of error.

The facts disclose that, after the execution of the above-mentioned deed, J. V. Parker and his wife, Josie Parker, were divorced, and J. V. Parker became the owner of this tract of land. On July 19, 1926, J. V. Parker conveyed to R. A. Parker an undivided ¼ interest in and to all the minerals in and under this tract of land; that thereafter, on May 8, 1928, J. V. Parker and R. A. Parker, who was joined by his wife, Irene Parker, executed to P. B. Goodwin a mineral lease upon ³¹⁄₃₂ of all the minerals in and under this land, by the terms of which the lessors were to receive as royalty an equal ⅛ part of all oil produced and saved from the leased premises, and conveying to the lessee ⅞ of all the oil produced and saved therefrom. The gas royalty was ⅛ of the proceeds from the sale thereof.

An April 25, 1928, the defendants in error, who were the record owners of the ⅟₃₂ interest in said minerals, executed a mineral lease to J. E. Lewis, as lessee, by the terms of which said lessors leased to Lewis an undivided ¼ interest in said minerals. The oil royalty payable under this lease was a ⅛ part of all oil produced and saved. There

were also provisions for gas royalty similar to those in the Goodwin lease.

The only parties defendant in the court below were J. V. Parker and his former wife, Mrs. Josie Parker. The judgment appealed from reformed the mineral deed first above described so that, as reformed, it conveyed a ¼ interest in and to the minerals under said land, "subject to the outstanding oil and gas leases now in force on said land."

■ It has been many times stated that all parties whose interest will necessarily be affected by the decree are necessary parties. Hardin v. Hardin (Tex. Civ. App.) 1 S.W. (2d) 708; Southern Surety Co. v. Solomon (Tex. Civ. App.) 4 S.W.(2d) 599. Of course, it is the general rule that no one is affected by a decree in a case in which he is not a party. Appellee therefore contends that, under the above definition, no necessary parties were omitted, because the decree affected no one's interest except the parties to the suit. This argument fails to take into account that the word "decree," as used in the above definition, refers only to an effective decree. Another definition of necessary parties is: They are necessary parties without whom no effective decree can be made determining the principal issues involved in the case. See the various definitions in Words & Phrases. In a suit to reform a deed, the owner of the property at the time the suit is instituted is a necessary party, as the decree would be ineffectual to accomplish the main purpose of the suit, unless same were binding on the then owner of the land. 34 Cyc. pp. 967, 968.

■ In the instant case, if there had been but one lessee and the plaintiff in error and the defendants in error had joined in the same lease, or had executed separate leases, which, at the institution of the suit, were owned by the same party, there would probably have been presented a different question, but we do not so decide, because that question is not before us. The facts in this record disclose that there were two lessees with overlapping interests. The lease to Goodwin conveyed to him ⅞ of ³¹⁄₃₂ of the oil under this land. His lessors were the record owners of ³¹⁄₃₂ of the minerals under the land when this lease was executed. The lease to Lewis conveyed to him ⅞ of ¼ of the oil under the same tract of land. His lessors were the record owners of but ⅟₃₂ of the minerals under the land when this lease was executed. The judgment vests title in defendants in error to ¼ of the minerals, "subject to the outstanding oil and gas leases now in force on said land." Both leases cannot be outstanding and effective. They together cover more than the whole of the minerals under the land To make the judgment of reformation effective, as between the parties thereto,

so as to change their respective interests in the royalties, the Lewis lease must be confirmed and the Goodwin lease materially changed, so as to cause it to convey to Goodwin, not ⅞ of ³¹⁄₃₂, but ⅞ of ¾ of the oil.

Manifestly, Goodwin's property could not be thus taken in a suit in which he is not joined. The judgment is ineffective. The main object of the suit was to procure a judgment under which the defendants in error could compel the payment to them by the lessee of ¼ of ⅛ of all oil and gas produced and saved from the well or wells then producing on the land, and those, if any, thereafter to be drilled. That object was not accomplished by the judgment, and cannot be, except in a suit in which the lessees are parties. We believe the lessees were necessary parties to this litigation, and that the trial court erred in overruling the suggestion of plaintiff in error.

There are other questions discussed in the brief, but it is unnecessary, and would perhaps be improper, to pass upon them until all necessary parties are brought before the court.

For the reason assigned, the judgment of the trial court is reversed, and the cause remanded.