## DANIEL et ux. v. SAYLE.

### No. 880.

Court of Civil Appeals of Texas. Eastland.

June 12, 1931.

Rehearing Denied July 3, 1931.

Jno. J. Ford, of Sweetwater, for appellants.

Walter Carter and Jas. H. Beall, Jr., both of Sweetwater, for appellee.

HICKMAN, C. J.

Appellee W. D. Sayle instituted this suit against appellants M. J. Daniel and wife, Gussie M. Daniel, to reform a deed made by Sayle to Daniel to certain lots in the city of Sweetwater and ·to foreclose a vendor's lien upon the property as described in the deed after reformation. The deed from Sayle to Daniel was dated November 19, 1928, and conveyed lots Nos. 4, 8, 9, and 10 in block No. 90 of the Snell Park addition to Sweetwater. A vendor's lien was retained in the deed to secure the payment of a part of the purchase price evidenced by an installment note for the principal sum of $1,150. All of the lots conveyed by this deed were vacant lots. There were certain improvements, including a residence, upon lots 2 and 3 of the same block, and it was thought by both Sayle and Daniel at the time the deed was executed that these improvements were on lot 4, and that they passed by the deed. By his suit .appellee sought and obtained a judgment reforming his deed so as to convey lots 2, 3, 4, 8, 9, and 10. He also obtained a personal judgment against both Daniel and his wife for the principal of the note together with interest and attorney's fees, less certain credits, and for a foreclosure of a vendor's lien on all six of the lots.

Only one issue was submitted to the jury. That issue was as follows: "At the time of the negotiation of the trade between plaintiff and defendant, and the execution of the deed by the plaintiff to the defendant, was there a mutual mistake as to the lot or lots upon which the house and improvements were located?" This issue was answered: "Yes."

The statement of facts discloses without controversy the following history of the title to this property: The entire block, consisting of lots Nos. 1 to 12, inclusive, was conveyed by Baird Development Company to H. L. Scales on January 5, 1916. By warranty deed dated January 5, 1923, Scales and wife conveyed to Charles Spillers lots 4 and 9 of this block. By warranty deed dated February 7, 1924, Spillers and wife conveyed the same property to Alice L. Creel, who by warranty deed dated August 17, 1925, conveyed same to G. W. Byrd. By warranty deed dated April 15, 1926, H. L. Scales conveyed to Byrd lot No. 10 of this block, and by like deed of date August 30, 1928, Scales conveyed to Byrd lot No. 8. By these several deeds Byrd became the owner of lots 4, 8, 9, and 10. By a war-

ranty deed dated September 17, 1928, Byrd and wife conveyed to appellee W. D. Sayle lots 4, 8, 9, and 10, being all the lots owned by Byrd in this block. Two months later, appellee Sayle, ·by warranty deed dated November 19, 1928, conveyed the same four lots to appellant M. J. Daniel, retaining in his deed a vendor's lien to secure an installment note for $1,150 executed as a part of the purchase price. This latter deed is the one reformed by the judgment so as to include lots 2 and 3 in addition to those described therein.

The undisputed facts, as well as the findings of the jury, establish that Sayles and Daniel traded with reference to the house and other improvements, and thought same were situated upon lot No. 4. After Daniel and wife took possession of the property, they discovered that the improvements were on lots Nos. 2 and 3, and procured a warranty deed from H. L. Scales to these two lots for a cash consideration of $60. The deed discloses that Scales resided in Dallas county and he doubtless did not know that the two lots which he was conveying to Daniel had improvements thereon. The evidence fails to disclose who placed the improvements on these lots, but indicates that Spillers likely placed them thereon through mistake in 1923.

 Many questions are presented by appellants in their brief, but we shall not find it necessary to discuss all of them, in view of our holdings on the questions discussed. It was disclosed by the evidence that, at the time appellee conveyed the four lots above described to appellant M. J. Daniel, a deed of trust was executed by Daniel and wife to Walter Carter, trustee, upon the property conveyed, as additional security for the payment of the purchase-money note. Prior to the trial of this case, and after appellee knew appellants had purchased lots Nos. 2 and 3 and refused to make further payments on their note, the trustee, at the request of appellee, sold the property under the powers contained in the deed of trust, and one Joseph Jenkins became the purchaser thereof. Jenkins was not made a party to this suit and no facts were pleaded or proved showing any irregularity or invalidity in the trustee's sale. The parties were litigating over land that belonged to Jenkins, and the judgment foreclosed a lien which had already been extinguished. Clearly Jenkins was a necessary party to litigation having for its purpose the establishment and foreclosure of a lien upon his property. Unless he was bound by the decree, same was ineffective. Parker v. Casey (Tex. Civ. App.) 29 S.W.(2d) 426.

Furthermore, there was no lien about which to litigate. When the deed of conveyance was made and delivered by the trustee to Jenkins, he took the property freed of the vendor's lien. He is in the same attitude as if he had purchased under a decree of court in a foreclosure suit. It would not likely be contended

that one could foreclose a vendor's lien on land by a court decree and then, after the land had been sold under the judgment, institute another suit to subject the land again to the balance due on the indebtedness. When the property was sold to satisfy appellee's demand, he obtained all he contracted for by way of security.

Appellee contends that the question is one of election of remedies, and, since appellants did not plead an election, they cannot complain. We do not regard it as being as much a question of election of remedies, as a question of the existence vel non of any lien to foreclose. Our view is that, regarding, as we must under this record, the sale under the power contained in the deed of trust as valid, all the lien ever possessed by appellee against the property described in the deed of trust ceased to be. It was extinguished, foreclosed. Until the deed executed by the trustee to Jenkins is invalidated and canceled in a proceeding to which appellants, the trustee, and Jenkins are parties, there is no lien to foreclose.

Some very interesting questions with regard to the right of reformation are presented. We shall not express a view on these questions. The remedy of reformation sought was ancillary to the main purpose of the suit, namely, the foreclosure of the vendor's lien. Appellee is not interested in reforming his deed, unless at the same time he establishes and forecloses a lien on the property described in the deed as reformed. If he has no lien, it would serve no purpose for us to enter into a discussion of whether or not he might reform his deed if he had a lien. It will be the proper time to consider that question when a record is presented to us disclosing that, if reformation is granted, the right to a foreclosure exists.

 Appellee was .awarded a personal money judgment against both appellants. The pleadings disclose that appellant Gussie M. Daniel is the wife of M. J. Daniel, and was at the time she executed the note, and no facts are pleaded which would make her personally liable thereon. A married woman is liable for purchase money only when the things purchased were necessaries or for the benefit of her separate estate. When she joins her husband in a note for the purchase price of real estate, she does not thereby incur any personal liability. The land can be recovered and the lien foreclosed against her, but her separate estate cannot be subjected to the payment of a judgment rendered on the note. Many cases so holding are collated in Speer's Law of Marital Rights in Texas (3d Ed.) § 191, footnote 7. The petition stated no cause of action against her on the note.

The judgment of the trial court is reversed, and the cause remanded.