## WOMACK et ux. v. FIRST NAT. BANK OF ANSON.

### No. 1423.

Court of Civil Appeals of Texas. Eastland.
March 29, 1935.

William E. Hawkins, of Abilene, for appellants.

Thomas & Thomas and J. E. Robinson, all of Anson, for appellee.

LESLIE, Justice.

The First National Bank of Anson sued J. W. Womack and Ella Womack on their promissory note in favor of the bank for the sum of $282.65, with interest, attorney's fees, etc. The defendants answered by general demurrer, special exceptions, and plea of coverture. The trial was before the court without a jury, and resulted in a judgment in favor of the bank, running against the defendants "personally and jointly and severally," and "against the community property of the defendants J. W. Womack and Ella Womack, and also against the property belonging to the separate estate of the defendant Ella Womack." The defendants appeal.

We have considered the appellee's motion to strike appellants' brief, and overrule same.

■ Since the plaintiff's petition did not disclose that the defendants were husband and wife at the time the note in suit was executed, the general demurrer was properly overruled. Gamel v. City National Bank (Tex. Com. App.) 258 S. W. 1043.

■ There are no orders in the transcript showing that the trial court overruled the special exceptions, and the assignments purporting to be based thereon are overruled.

■ The remaining propositions resisting liability on the part of Ella Womack, the wife of J. W. Womack, are controlling. The plaintiff's petition was in regular form, and sought recovery on the note against the said Womacks jointly and severally. In their answer, the defendants pleaded coverture at the time of the execution of the instrument in suit. They went further in their answer, and alleged affirmatively that the debt was not incurred by Mrs. Womack for the benefit of her separate estate, or for any other purpose for which the statutes rendered her personally liable. The plaintiff merely entered a general denial to these allegations of the defendants' answer.

Hence it will be observed that the plaintiff bank nowhere, in either its original amended petition, supplemental petition, or other pleading, affirmatively alleged that the debt in suit was as to Mrs. Ella Womack contracted by her for the benefit of her separate property, or for any other purpose or reason that would authorize a judgment against a married woman under our statutes. The fact of coverture as pleaded is established by uncontroverted testimony. It therefore follows that, in the absence of allegations in the plaintiff's pleadings showing an obligation that grows out of the special classes of contracts which she is by law authorized to make, there would be no liability shown on her part. Gamel v. City Nat. Bank, supra; Graham v. Carmany (Tex. Civ. App.) 2 S.W. (2d) 467; Perkins v. Compton (Tex. Civ. App.) 61 S.W.(2d) 575; Hoffman v. Korp & Murray Tool Co. (Tex. Civ. App.) 251 S. W. 823; Kelly v. Rozelle (Tex. Civ. App.) 294 S. W. 699; Snyder-Bell Groc. Co. v. Hamilton (Tex. Civ. App.) 276 S. W. 752; Schenck v. Foster Bldg. & Realty Co. (Tex. Civ. App.) 215 S. W. 877; Beshears v. Talbot (Tex. Civ. App.) 241 S. W. 635; Shannon v. Childers (Tex. Civ. App.) 202 S. W. 1030; Poe v. Hall (Tex. Civ. App.) 241 S. W. 708; Speer's Law of Marital Rights in Texas (3d Ed.) p. 653, §§ 530 and 531; 23 Tex. Jur. p. 342, § 294 et seq. In said Law of Marital Rights, p. 654, it is said: "A petition which fails to show the grounds of her liability will not support a judgment, either by

default or upon proof, the fact of her coverture appearing in such pleading. Thus it is not enough to allege that she promised, or contracted. It must show the right and power to contract."

The result is the same where the disability of coverture is shown by the defendant's pleadings and proof. In that event, to warrant a judgment against the wife, the same particularity of pleading by plaintiff is required. 23 Tex. Jur. 343, § 294.

■ The testimony is equally insufficient to show any amount chargeable to Mrs. Womack for the improvement of her separate estate, support, etc. The burden in these respects to show the right of recovery against her remained on the plaintiff, notwithstanding the defendants' unnecessary and surplus pleadings in effect anticipating and negativing the existence of possible grounds of recovery by the plaintiff. Such surplus pleadings were merely tantamount to special denials in connection with the plea of coverture, and would not have the effect of shifting from the plaintiff the burden of showing a right of recovery as against a married woman.

Further, there is evidence that a small unascertained amount of the money borrowed went for improvement of the wife's separate estate, and the appellee contends that this fact, in the light of that portion of the defendants' answer (deemed surplusage by us), placed upon the defendant Mrs. Womack the burden of showing the exact amount of the loan devoted to such improvements, and, not having done so, she and her separate estate became liable for the full amount of the note. We do not agree to this contention, but are of the opinion that, under the statutes and the decisions, the burden of alleging and proving liability against Mrs. Womack remained on the plaintiff, and that it failed in both respects to discharge the same.

The case before us is not one in which the answer of the defendants omitted a general denial and admitted a fact material to the plaintiff's right of recovery, nor did the defendants, in an affirmative way, allege any such facts so the pleading thereof could be appropriated as a basis for judgment in favor of plaintiff. For this reason we conclude that the authorities relied on by the appellee have no application to the instant case. There is an absence of affirmative pleading of liability by the plaintiff.

For the reasons assigned, the judgment of the trial court as to J. W. Womack is in all things affirmed, and as to his wife, Mrs. Ella Womack, the judgment of the trial court is reversed and here rendered in her favor.