## HUMBLES v. HEFLEY-STEDMAN MOTOR CO. et al.

No. 8797.

Court of Civil Appeals of Texas. Austin.

April 5, 1939.

Wallace & Wallace, of Cameron, for appellant.

W. A. Morrison, of Cameron, for appellee R. L. Batte.

M. G. Cox, of Cameron, for appellee Hefley-Stedman Motor Co.

BLAIR, Justice.

This suit originated in the justice court; was appealed to the county court, thence to this court. It was instituted by Hefley-Stedman Motor Company against D. L. Humbles and his wife, appellant, Mrs. Ola Humbles, for the balance due on their joint and several promissory note for $169, with interest and attorney's fees, and against appellee R. L. Batte as indorser on such note. The note was given in part payment of a motor truck and was secured by a mortgage lien thereon; and prayer was also for foreclosure of the lien.

Appellee Batte by cross action based on estoppel prayed for a personal judgment over against appellant, Mrs. Ola Humbles, in the event he were compelled to pay the judgment. Appellant, Mrs. Ola Humbles, plead her coverture as defense to her personal liability on the note. Appellee Motor Company alleged that the note was the joint and several obligation of D. L. Humbles and his wife, Mrs. Ola Humbles; that it was executed in part payment of a motor truck to be used by D. L. Humbles in the support and maintenance of his wife and child; that Mrs. Humbles expressly contracted and represented that such truck was necessary for the support and maintenance of herself and child, and agreed to become personally liable therefor.

The jury found, in answer to a special issue, that the truck was necessary for the support and maintenance of Mrs. Humbles and her child, and that she expressly contracted and agreed that she would be personally bound for payment of the debt as being for necessaries furnished her and her child. Judgment was accordingly rendered for the Motor Company against D. L. Humbles and his wife, appellant, Mrs. Ola Humbles, jointly and severally, and against R. L. Batte as indorser; the judgment further providing that R. L. Batte have a personal judgment over against Mrs. Humbles, in the event he should be compelled to pay the debt. A foreclosure of the mortgage lien on the truck was also decreed.

The principal question on the appeal is whether the motor truck purchased was

"necessaries furnished" to the wife and child within the meaning of the statutes authorizing a married woman to make a contract therefor. Arts. 4621, 4623, and 4624, R.S.1925.

We have reached the conclusion that the undisputed evidence shows that the consideration for the note was not "necessaries furnished" within the meaning of the statutes authorizing a married woman to make a contract binding herself personally and her separate estate for necessaries furnished to herself and children. The evidence is undisputed that the truck was purchased in the hope of enabling D. L. Humbles, the husband, to operate it in aid of the support of himself and his family. He was out of employment, and according to the wife had continuously been unsuccessful in all his business ventures. The wife had been continuously employed as a secretary in a law office for some 16 years, and had in the past made the major portion of the living expenses for herself and family; and out of her earnings a home had been bought and paid for. The only way the motor truck could be a necessity was that the proceeds or profits, if any, made from its operation by the husband might be used to help support the wife and child, and to support D. L. Humbles himself. Or, as stated in appellee's brief: "A truck for a man considered by his wife and others as irresponsible in business matters and transactions and who is out of a job, to enable him to do hauling, is almost an absolute 'necessary', without which he could not help support his wife and child; whereas the same truck would not be a 'necessary' for a responsible business man actually supporting his wife and family from a lucrative job."

█ Under the facts stated, the case is controlled by the early case of Magee v. White, 23 Tex. 180, wherein former opinions to the contrary of the Supreme Court were overruled, and wherein it was held under similar statutes then existing that the law permits the wife to contract for necessaries for herself and children and to incur expenses for the benefit of her separate property, and that her separate property could be bound for such necessaries and such expenses; but that she was under no legal obligation to support the husband; nor could her separate estate be charged even for necessaries for him. The opinion overruled the equitable rule which

was rejected even at common law (Magwood & Patterson v. Johnston, 1 Hill, Eq., S.C., 228), that if articles are furnished or money advanced to the husband and employed by him in support of his family, and he afterwards turns out insolvent, it is sufficient evidence that he was not able to support them, and that creditors should have the right in equity to charge their accounts to the wife's or children's estates; the equity rule contended for being that it would seem fair that they who have received the benefit of the creditor's advances should satisfy them out of their own property. This rule was rejected by the Supreme Court in the Magee case as being "uncertain and oppressive," because of the supreme difficulty in apportioning the contributions among the various parties who had received benefits from the husband or father's contract; and as affording the husband the opportunity and power to charge the wife's estate for necessaries for himself, and to squander the property of the wife which the statute intended should be protected; the court concluding as follows: "So we think that if, in this state, the wife's property is to be held liable for articles furnished to the husband, because they are necessaries, it will be in the husband's power to squander the proceeds of the property as it comes into his hands, out of which he should support himself and his family, and charge his expenses for necessaries upon his wife's separate estate; thus subjecting it to a burden which the law never intended it to bear."

In the earlier case of Christmas v. Smith, 10 Tex. 123, the Supreme Court made a distinction with respect to the statutory liability of a married woman for necessaries for herself and her children within the meaning of the statute, and necessaries furnished the family as a whole. In that case the husband purchased groceries and other articles of necessity for himself and for the use of his wife and children; and they were advanced as being considered necessaries for the family. It was held that the articles so furnished were not necessaries for the wife and children alone for which the statute authorized her to contract. The court held: "That the statutory liability may be raised, it must be proven that the debt was contracted by the wife or her authorized agent, for necessaries for herself and children, and that they were reasonable

and proper in themselves"; as distinguished from family necessaries generally, a part of which were for the husband's use.

We have carefully reviewed the numerous authorities cited by appellees which have bound the wife upon her contract for necessaries furnished herself and children, for the payment of a home, the rent of a dwelling-house, the purchase of a piano and furniture for a rooming-house, an automobile for the sole use of the wife and children, suitable food and clothing, and such things as enable the wife and children to live decently and in a manner fitting their condition and station in life. These cases are clearly distinguishable from the case at bar, where a truck was purchased upon the joint contract of the husband and wife in order that he might engage in a business enterprise in which the wife had no part, and which business was also for the support and necessaries of the husband. See 23 Tex.Jur. 201, 202, § 170.

Another case in point is that of Burleson v. Graves, Tex.Civ.App., 255 S.W. 1013, wherein this court held that in an action on a note and mortgage executed by the husband and wife, given for the purchase price of a combined store and dwelling-house, which was primarily a commercial enterprise, a personal judgment could not be rendered against the wife under the statute which authorized her to contract only for necessaries for herself and children and for expenses incurred for the benefit of her separate estate. The transaction there was admittedly partly for the benefit of herself and her children, in that a dwelling-house was furnished in which they were to live; but this court concluded that the transaction in which the note was executed, although to a limited extent for necessaries, was primarily a commercial enterprise entered upon for the purpose of profit; and that she was therefore not personally bound for the note executed by her in payment of the partly business enterprise.

If, as above held, the contract for the purchase of the motor truck was one which the wife could not execute under the statute, then no question of estoppel can arise because of any representations made by her to the effect that she was aiding her husband in the purchase of the truck in order that he might support her and her child, as same are not binding upon her.

The personal judgment against appellant, Mrs. Ola Humbles, and her bondsmen, in favor of the Motor Company, and the judgment in favor of R. L. Batte, as indorser, over against Mrs. Humbles are hereby reversed, and judgment is here rendered that neither the Motor Company nor Batte take anything by their suit against Mrs. Humbles personally and her bondsmen. In all other respects, the judgment of the trial court is affirmed.

Reversed and rendered in part, and in part affirmed.