## UNITED STATES v. BELT.
### Civ. No. 619.

United States District Court
S. D. Texas, Brownsville Division.
Jan. 12, 1950.

Brian S. Odem, United States Attorney, K. M. Nolen, Assistant United States Attorney, Houston, Texas, for plaintiff.

Faulk, Sharpe & Cunningham, Brownsville, Texas, for defendant.

ALLRED, District Judge.

Plaintiff sued defendant on three installment notes signed by defendant and her husband, now deceased. Defendant pleaded coverture. The Government has not replied to the plea of coverture, but the facts have been stipulated, in substance, as follows:

The three notes were given to local Building Materials or Lumber Companies in connection with insured "Modernization Loans" under the provisions of Title 1 of The National Housing Act, 50 U.S.C.A.Appendix, § 1881 et seq. The notes were transferred by the original payees, before maturity, to Universal C I T Corporation of New York. Plaintiff had insured Universal against loss in the event of non-payment. Default having been made, plaintiff paid Universal and acquired the notes.

The proceeds of the first note were "used for the purpose of building a garage" at the homestead residence of defendant and her husband; the second "for the purpose of painting the bath-room and installing electric fixtures at the same homestead;" and the third "for the purpose of remodeling, painting and papering" such homestead.

The last note was given August 7, 1947; and William O. Belt, defendant's husband, died July 8, 1948. The notes total $1,112.98 and are each credited with various payments, totaling $370.36.

"At all times material to the transactions hereinabove mentioned, the Defendant, Mrs. Leona Mae Belt, was a married woman."

These written stipulations constitute *all* the evidence. There is no showing as to whether there was an administration upon the estate of William O. Belt, or as to the existence of separate or community property of the deceased.

The Government contends, on brief, that the *facts stipulated* show that the notes were given for "necessaries," and defendant is liable personally under the provisions of art. 4623, Vernon's Civil Stats. of Texas.

Under all the Texas statutes (and decisions) it has always been the rule that a married woman could not contract a debt, *except for one of the specific purposes allowed by Statute,* 23 Tex.Jur. 169, p. 199.

Art. 4623 of the Texas statutes reads as follows: "Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property, shall be subject to the payment of debts contracted by the wife, except those contracted for *necessaries furnished her or her children.* The wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract. Id. Acts 1848, p. 77; G.L. vol. 3, p. 77." (Italics supplied.)

As construed by the Texas Courts, the wife may contract and be bound only: (1) where the debt is for "necessaries furnished her or her children"; (2) for the benefit of her separate property, or for a liability incident to the management, control and disposition of her separate property, 23 Tex.Jur. 171; Red River National Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923; Daniel et ux. v. Sayle, Tex.Civ.App., 40 S.W.2d 1101.

The statute gives a married woman power to contract debts for "necessaries furnished her or her children." That authority is strictly construed and no appeal to the equitable powers of a Court can be made to bind the wife by her contracts not executed under the provisions of the statute, 18 Tex.Law Review, 91. The same rules, as to the necessity for the obligation to be given for necessaries, or for the benefit of the wife's separate estate, apply to *promissory notes* as to other contracts 23

512

Tex.Jur. 195, p. 227, and cases cited thereunder. Likewise, with reference to purchase money or renewal notes, signed with the husband, 23 Tex.Jur. 183, p. 218; 178 p. 214; Daniel v. Sayle, supra; Lamar Life Insurance Co. v. Jordan, Tex.Civ.App., 163 S.W.2d 215, writ of error refused by Supreme Court.

*The fact that the wife's name is found on a note,* jointly with her husband, *does not raise a legal presumption that she is, either jointly or severally, liable on it,* Harris v. Finberg, 46 Tex. 79; Fallin v. Williamson Cadillac Co., Tex.Civ.App., 40 S.W.2d 243. *The burden rests on the plaintiff in a suit against a married woman, to prove that the contract was one a married woman was authorized by law to make,* Mills v. Frost National Bank, Tex.Civ. App., 208 S.W. 698, error ref. by the Supreme Court; Womack v. First National Bank of Anson, Tex.Civ.App., 81 S.W.2d 99; the plaintiff must bring his cause strictly within the statutes, making the wife liable, and *the burden is upon him to establish the particular facts creating the liability, since such facts cannot be presumed by reason of the fact that she did so contract,* Keith v. Allen, Tex.Civ.App., 153 S.W.2d 636; Martin v. Hayes, Tex.Civ.App., 36 S. W.2d 796, writ of error ref. by Supreme Court.

The Texas Rule is so strict that, until the abolition of the general demurrer, the State Court cases held that a plaintiff must *plead* that a married woman's obligation was one which she was authorized by law to make, Womack v. First National Bank of Anson, supra, and authorities therein set out; 23 Tex.Jur. 294, p. 342; Hirshfield & Co. v. Evans, 127 Tex. 254, 93 S.W.2d 148; Wadkins v. Dillingham, Tex. Civ.App., 59 S.W.2d 1099; Witherspoon v. G. Heileman Brewing Co., Tex.Civ.App., 144 S.W.2d 1017; Service Parts Co. v. Bizzell, Tex.Civ.App., 120 S.W.2d 919; but these cases seem to be based upon the erroneous assumption that a debt contracted by a married woman, without statutory authority, is *void,* whereas it is merely *voidable,* Watters v. Laning, Tex.Civ.App., 99 S.W.2d 639, 641, error dis.; Guaranty State Bank v. Kuehler et al., Tex.Civ.App., 114 S.W.2d 622, error ref. by the Supreme Court.

"Just what is meant by the expression 'Necessaries' is not capable of exact definition. Like the terms 'care,' 'prudence,' 'diligence,' and the like, its application in a given case depends upon the circumstances. The term is used to designate such things as are suited to the wife's and children's condition and station in life, their needs and wants, insofar as the ability of the parties will permit. There can be no precise rule applicable to all cases alike, further than the general rule of reasonableness. What would be a necessary for one family might not be such for another, and still a luxury for a third. It is not to be determined by actual suffering, want or need—as upon an emergency—but rather upon a consideration of all these circumstances surrounding the particular transaction, including the ability of the husband and the wife to supply the articles and their reasonable appropriateness under the circumstances.

"The purchase or erection of a home, the rent of a dwelling house, the purchase of a piano and furniture for a rooming house, an automobile for the use of the family, suitable food, clothing and such things as enable the wife and children to live decently and in the manner fitting their condition and estate, physicians' services, dental work and the like are, or may be, necessaries. So, also, the services of an attorney to represent the wife in a divorce suit, or services on behalf of a child or its tuition, may be such.

"But purchases merely to aid the wife in carrying on a business of her own, or tuition for a child brought into the family without the husband's consent, or commissions to a broker for an exchange of the wife's separate property, or expenses for improving or developing the wife's separate property—as drilling an oil-well—'are not such necessaries.' 23 Jur. 170, pp. 200, 201, 202."

Cases are cited in the text under each of the foregoing statements from Texas Jurisprudence. Some of them have been cited by the Government and will be discussed.

It will be noted that the general statement is made in the foregoing quotation from Texas Jurisprudence, among other things, that the *"purchase* or erection of a home * * * *are, or may be,* necessaries." The case cited under the *purchase* proposition is Bexar Building & Loan Ass'n v. Heady, 21 Tex.Civ.App. 154, 50 S.W. 1079, 1081, error ref. In that case the Court does say that "a dwelling place is, of course, necessary for any family", but holds, under the facts there involved, that the particular purchase there involved did not come within the term "necessaries furnished her or her children", under the statute.

The case cited in the text on the *"erection"* of a home is Howell v. McMurry Lumber Co., 62 Tex.Civ.App. 584, 132 S.W. 848, 849, error ref., a suit against both husband and wife upon a written contract for materials necessary to erect a dwelling upon a lot constituting the homestead. The Court says:

" * * * We agree with the Court of Civil Appeals for the Fourth District in Bexar Bldg. & Loan Ass'n v. Heady, 21 Tex.Civ.App. 154, 50 S.W. 1079, that conditions *might exist* which would require a court to hold the *acquisition of a dwelling to have been necessary for the wife and children;* but here, as there, the facts do not present such a case. Nothing here appears beyond the mere fact that the husband, with the wife's consent, given in manner prescribed by the Constitution, contracted for the erection of a building upon their homestead, but whether without this the wife would have been without a sheltering roof the record does not disclose. *The selection of the homestead* ordinarily devolves upon the husband, and the record here presents no reason for a holding that the particular place upon which defendants in error were adjudged a lien was necessary as a home for the wife.

"We therefore conclude that the court erred in rendering *personal judgment* against the wife, and in this respect the judgment below will be reformed, but in all other respects it is affirmed." (Italics supplied.)

The case cited on the proposition that the *"rent of a* dwelling house" may be neces-sary is Desmond v. Dockery, Tex.Civ.App., 116 S.W. 114. In that case the suit was upon a note, signed by Mrs. Dockery alone, for approximately $300. Her husband had been in Mexico for several years, returning occasionally. Mrs. Dockery borrowed money, stating that she wanted to buy some furniture and a piano for her daughter (so as to save the cost of music lessons); that she wanted the furniture for a rooming house and for a home for her daughter, her mother and herself—that they could live there and rent rooms to make some money for the support of her child and mother. The question was submitted to the jury as to whether the property would be classed as "necessaries," and the Appellate Court held that *the evidence was sufficient to justify the jury's finding,* citing Harris v. Williams, 44 Tex. 124.

Harris v. Williams was a suit upon a *note for house rent, signed by both the husband and the wife,* in which it was alleged that the husband had no separate property and no community property; that the defendants had no home or dwelling; that the house was rented, *at the wife's instance,* and the note given for the rent *at her request.* The Supreme Court says: "That the rent of the house, when neither the husband nor wife has one, and he has neither separate nor community property to procure one necessary for the wife and her children and its rent is a reasonable and proper debt for which she may charge her estate, admits of no question. That the condition of her husband warranted her in making the charge is substantially averred."

The case cited upon the *purchase of an automobile* is Fallin et al. v. Williamson Cadillac Co., supra. In that case the note was signed by both husband and wife. The trial court made findings that the car was sold directly to the *wife,* and she was compelled to buy it for herself because the seller refused credit to her husband. The Court of Civil Appeals held that the *trial court was justified in finding,* under the evidence, that the automobile was a *necessity for the wife*—in other words, just as the evidence would have been sufficient to support a *jury* finding.

The case involving the *purchase of a piano* is Oliver H. Ross Piano Co. v. Walker, Tex.Civ.App., 111 S.W.2d 1165. The wife bought the piano herself, trading in an old one, executed a note and mortgage, the husband acquiescing; and the Court says that the fact that the wife played the piano sufficiently established that it was a "necessary" for herself.

All of the cases recognize that what constitutes "necessaries" for the wife, or her children, under the statute, depends upon the circumstances. In other words, each case must stand upon the particular facts.

A distinction as to "necessaries" for the wife or children, as distinguished from "necessaries" primarily for the *husband,* or for the *family* was recently recognized in Humbles v. Hefley Stedman Motor Co., Tex.Civ.App., 127 S.W.2d 515. In that case a joint note, signed by the husband and wife, in part payment for a truck, purchased to enable the husband, who was unemployed, to engage in a business enterprise *in order to support himself and family* was held not to be for necessaries furnished for the wife and child. The Court says:

"(1, 2) Under the facts stated, the case is controlled by the early case of Magee v. White, 23 Tex. 180, wherein former opinions to the contrary of the Supreme Court were overruled, and wherein it was held under similar statutes then existing that the law permits the wife to contract for necessaries for herself and children and to incur expenses for the benefit of her separate property, and that her separate property could be bound for such necessaries and such expenses; but that she was under no legal obligation to support the husband; nor could her separate estate be charged even for necessaries for him. The opinion overruled the equitable rule which was rejected even at common law (Magwood & Patterson v. Johnston, 1 Hill, Eq., S.C. 228), that if articles are furnished or money advanced to the husband and employed by him in support of his family, and he afterwards turns out insolvent, it is sufficient evidence that he was not able to support them, and that creditors should have the right in equity to charge their accounts to the wife's or children's estates; the equity rule contended for being that it would seem fair that they who have received the benefit of the creditor's advances should satisfy them out of their own property. This rule was rejected by the Supreme Court in the Magee case as being 'uncertain and oppressive,' because of the supreme difficulty in apportioning the contributions among the various parties who had received benefits from the husband or father's contract; and as affording the husband the opportunity and power to charge the wife's estate for necessaries for himself, and to squander the property of the wife which the statute intended should be protected; the court concluding as follows: 'So we think that if, in this state, the wife's property is to be held liable for articles furnished to the husband, because they are necessaries, it will be in the husband's power to squander the proceeds of the property as it comes into his hands, out of which he should support himself and his family, and charge his expenses for necessaries upon his wife's separate estate; thus subjecting it to a burden which the law never intended it to bear.'

"In the earlier case of Christmas v. Smith, 10 Tex. 123, the Supreme Court made a distinction with respect to the statutory liability of a married woman for *necessaries for herself and her* children within the meaning of the statute, and *necessaries furnished the family as a whole.* In that case the husband purchased groceries and other articles of necessity for himself and for the use of his wife and children; and they were advanced as being considered necessaries for the family. It was held that the articles so furnished were not *necessaries for the wife and children alone* for which the statute authorized her to contract. The court held: 'That the statutory liability may be raised, it must be proven that the debt was contracted by the wife or her authorized agent, for necessaries for herself and children, and that they were reasonable and proper in themselves'; as *distinguished from family necessaries generally, a part of which were for the husband's use.*

"We have carefully reviewed the numerous authorities cited by appellees which

have bound the wife upon *her* contract for necessaries furnished herself and children, for *the payment of a home, the rent of a dwelling-house, the purchase of a piano and furniture for a rooming-house, an automobile for the sole use of the wife and children,* suitable food and clothing, and such things as enable the wife and children to live decently and in a manner fitting their condition and station in life. These cases are clearly distinguishable from the case at bar, where a truck was purchased upon the *joint contract of the husband and wife* in order that he might engage in a business enterprise in which the wife had no part, and which business was also for the support and necessaries of the husband. See 23 Tex.Jur. 201, 202, § 170.

"Another case in point is that of Burleson v. Graves, Tex.Civ.App., 255 S.W. 1013, wherein this court held that in an action on a note and mortgage executed by the husband and wife, given for the purchase price of a combined store and dwelling-house, which was primarily a commercial enterprise, *a personal judgment could not be rendered against the wife under the statute* which authorized her to contract only for *necessaries for herself and children* and for expenses incurred for the benefit of her separate estate. The transaction there was admittedly *partly for the benefit of herself and her children,* in that a dwelling-house was furnished in which they were to live; but this court concluded that the transaction in which the note was executed, although to a limited extent for necessaries, was primarily a commercial enterprise entered upon for the purpose of profit; and that she was therefore not personally bound for the note executed by her in payment of the partly business enterprise.

"(3) If, as above held, the contract for the purchase of the motor truck was one which the wife could not execute under the statute, then no question of estoppel can arise because of any representations made by her to the effect that she was aiding her husband in the purchase of the truck in order that he might support her and her child, as same are not binding upon her.

"*The personal judgment against appellant, Mrs. Ola Humbles,* and her bondsmen, in favor of the Motor Company and the judgment in favor of R. L. Batte, as indorser, over against Mrs. Humbles are hereby reversed, and judgment is here rendered that neither the Motor Company nor Batte take anything by their suit *against Mrs. Humbles personally* and her bondsmen." Humbles v. Hefley-Stedman Motor Co. et al., 127 S.W.2d 515, 516, 517. (Italics supplied.)

After carefully considering all the foregoing Texas authorities, I find that the Government has failed to discharge its burden to show that the contract under consideration was executed for "necessaries" furnished defendant or her children. Her signature on the note raises no presumption of liability on her part.

The stipulations are limited and only show that the proceeds of the notes were used for the purpose of building a garage, painting the bath-room, installing electric fixtures, remodeling, painting and papering the homestead. This was for the benefit of the deceased husband as well as for the defendant. For all of the evidence shows, these improvements could have been made for the purpose of effecting a sale of the homestead. There is no showing as to the family's station in life, need or necessity, or as to the status of the Community estate upon the death of the husband. The improvements, repairs, etc., were for the benefit of the husband and the community. In this state of the record, I do not believe that plaintiff is entitled to *personal judgment* against the wife.

The Government is in no better position than any other litigant. When a litigant seeks to hold a married woman personally liable he assumes the burden of establishing that the contract was for one of the purposes authorized by statute. That burden has not been met in this case. Judgment will be for defendant.

The Clerk will notify counsel who will prepare an Order accordingly.