**AUSTIN et al.**

v.

**UNITED CREDITS CORP.**

No. 15518.

Court of Civil Appeals of Texas.

Fort Worth.

May 28, 1954.

794

G. E. Sears, Dallas, for appellants.

Passman & Jones and Shannon Jones, Jr., Dallas, for appellee.

BOYD, Justice.

Appellee United Credits Corporation sued appellants Lodistus Austin and husband, Shelby Austin, upon a note executed by Lodistus Austin, payable to appellee, and on which note the name of Shelby Austin, purportedly as a maker, was written by Lodistus Austin. Judgment was for appellee against Lodistus Austin, and appeal was perfected.

Appellants' point for reversal is that it was error to render judgment against Lodistus Austin, because the note was not given for necessaries for herself or her children, or for expenses incurred for the benefit of her separate estate, and therefore the contract having been made without statutory authority, it is not enforceable.

A note was originally given by Lodistus Austin to Miles & Henger Home Improvement Company, signed in the same manner as the note sued upon, the consideration for which was a yard fence to be supplied and installed by Miles & Henger on premises occupied by appellants. After some payments had been made on that note, and while it was not in default, Miles & Henger transferred it to appellee for a valuable consideration. The note sued upon was given by way of refinancing the original note. After enough payments were made on the second note to make the total amount paid on the fence exceed two hundred dollars, appellants abandoned the property on which the fence was installed and it "reverted to the prior owner." It is not shown what character of right appellants had in the real property at the time the fence was installed. It is agreed that the fence became "a part of the realty, deeply and firmly attached to the soil." The "soil" was not the separate estate of Lodistus Austin.

Appellee assumes, and we assume, that the fence was not such a necessary as the statutes authorize a wife to contract to purchase, and we think ordinarily a married woman may avoid her contract other than one for necessaries or for the benefit of her separate estate. Articles 4614 and 4623, R.C.S., Vernon's Ann.Civ.

St.; Fernandez v. Holland-Texas Hypoteek Bank of Amsterdam, Holland, Tex. Civ.App., 221 S.W. 1004; Givens v. Davis, Tex.Civ.App., 227 S.W. 367; Benjamin v. Youngblood, Tex.Civ.App., 207 S.W. 687, writ refused; Thompson v. Bruce, Tex.Civ. App., 90 S.W.2d 265; Lamar Life Ins. Co. v. Jordan, Tex.Civ.App., 163 S.W.2d 215, writ refused, w. m.; United States v. Belt, D.C., 88 F.Supp. 510; Humbles v. Hefley-Stedman Motor Co., Tex.Civ.App., 127 S.W.2d 515; Giles v. First Nat. Bank of Brownfield, Tex.Civ.App., 257 S.W.2d 945. Appellee concedes this to be the general rule; but it contends that equity engrafts upon the law the requirement that before a married woman may avoid her contract she must return that which she has received under it, and cites Pitts v. Elser, 87 Tex. 347, 28 S.W. 518; 10 Tex.Jur., p. 389, sec. 221; and 23 Tex.Jur., p. 238, sec. 206.

Pitts v. Elser does not appear to be in point, although this expression is found in the opinion, "* * * If she [a married woman] elect to abandon the contract, she cannot be compelled to pay what she has promised, but she must return what she has received. * * *" In that case she had received nothing, but she had paid part of the agreed price of personal property, which was to be delivered to her upon her making a further payment. Her suit was for the amount already paid, for which recovery was denied. It is therefore seen that the above quoted statement was wholly unrelated to the facts of that case. It was the observation of a great Justice, but not the holding of the court.

In 10 Tex.Jur., p. 389, sec. 221, in the chapter on "Contracts," we find the statement that the general rule is that to entitle a party to rescind, he must restore all he has received under the contract. The cases cited in the text do not involve the rights and immunities of married women.

In 23 Tex.Jur., p. 238, sec. 206, we find the following: "* * * The wife's avoidance of the unperformed part of her voidable contract, though not technically a pure rescission, will not be allowed without a return or offer to return of the benefits received. * * *" If by this proposition it is meant that a personal judgment may be rendered against a married woman upon an unauthorized contract where she fails to restore, and when she seeks no affirmative relief, we do not think it is supported by the decisions cited in the text. We believe the rule as to restoration is applicable primarily to cases where the party desiring rescission invokes the jurisdiction of a court of equity and seeks affirmative relief.

■ Ours is not such a case. Lodistus Austin did not sue appellee for rescission and cancellation of the note. And she had dealt with parties who knew that she was a married woman. The personalty she agreed to pay for, and in part did pay for, was by these parties permanently affixed to the realty, which reverted to the former owner, and it is beyond her power to restore.

■ At common law a married woman had no power to contract, and our statutes give her no such general power. Whitney Hardware Co. v. McMahan, 111 Tex. 242, 231 S.W. 694. The right is limited by the statutory provisions. Lane v. Moon, 46 Tex.Civ.App., 625, 103 S.W. 211, writ refused. We have found no authority holding that a judgment may be rendered against a married woman on a contract unauthorized by law, if she does not and cannot restore that which she has received under it. It seems to us that to so hold would in effect operate to repeal the common law, or to extend the scope of the legislative acts. It is not our province to enlarge the power of a married woman to contract when the Legislature has fixed the limits of that power, or to weaken the safeguards thrown by the law around the property rights of married women and thus, to some extent, thwart the established public policy of this state.

■ Appellee stresses the point that a married woman's unauthorized contract is not void, but merely voidable. There are many expressions in the books to that effect. It is voidable at her instance, and not at the instance of the party contracting with her. J. B. Watkins Land Mortgage

Co. v. Campbell, Tex.Civ.App., 81 S.W. 560; Frazier v. Lambert, 53 Tex.Civ.App., 506, 115 S.W. 1174. And when she "avoids" the contract, we think it is thenceforth "void." Webster's New International Dictionary. We also find expressions in the cases to the effect that a note signed by a wife without being joined by her husband is a "nullity" and she cannot be bound thereon. Shaw v. Proctor, Tex.Civ.App., 193 S.W. 1104; and in Cruger v. McCracken, 87 Tex. 584, 30 S.W. 537, it is said that a married woman's contract for a purpose other than such as is expressly authorized has been uniformly held "void."

Nor are the ordinary rights of an innocent purchaser available to appellee, for the purchaser of a note executed by a married woman must take notice of the coverture and the want of existence of facts that would authorize her to make the contract. Haas v. American Nat. Bank of Austin, 42 Tex.Civ.App. 167, 94 S.W. 439; Daniels v. Mason, 90 Tex. 240, 38 S.W. 161, 59 Am.St.Rep. 815.

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing.