### SECURITY NAT. BANK OF WICHITA FALLS v. ANDREWS et ux.
### (No. 2336.)

Court of Civil Appeals of Texas. El Paso. Jan. 9, 1930.

Rehearing Denied Jan. 30, 1930.

510

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellant.

Hiram K. Aynesworth and J. H. Aynesworth, both of Stinnett, for appellees.

PELPHREY, C. J. This cause was heretofore ordered dismissed, unless within 20 days from December 12, 1929, satisfactory showing be made that due notice of appeal was in fact given in the trial court.

Satisfactory evidence having been furnished showing that such notice was in fact given, we will now consider the case upon its merits.

This suit was instituted by appellant to recover upon five certain vendor's lien notes for $1,287.60, each maturing one, two, three, four, and five years from date, respectively.

Plaintiff, in its petition, alleges that the notes here sued upon were given by appellees in renewal and extension of the balance then due on two certain vendor's lien notes, dated December 23, 1924, for the principal sum of $3,000 each, given by appellee, W. R. Andrews to Reuben R. R. Cook, being notes Nos. 14 and 15, of a series of 15 notes, originally given by W. R. Andrews to said Reuben R. R. Cook, as a part of the purchase money for lots Nos. 10, 11, and 12, in block 34 of the city of Electra, Tex.; that said notes Nos. 14 and 15, together with the vendor's lien retained by Cook in the deed to Andrews, had been regularly transferred to appellant, who was the legal and equitable owner and holder thereof at the time of the execution of the notes sued upon; that as additional security appellees, at the time of the execution of the notes here involved, executed a deed of trust to N. M. Clifford, as trustee, on the property in question.

Appellant prayed for judgment for the debt evidenced by the notes and a foreclosure of the vendor's lien.

In answer appellees alleged the property to be their homestead and that it had been so used and occupied by them since on or about and prior to the 23d day of December, 1924; that on or about said date appellee W. R. Andrews was lawfully indebted to appellant, as a result of money having been borrowed by him from appellant several years prior thereto; that such indebtedness was evidenced by a plain promissory note; that on or about said date W. R. Andrews entered into an agreement with Reuben R. R. Cook to exchange the property there owned by Andrews as a homestead for the property in question, Andrews to pay to Cook the sum of $5,500 in cash as the agreed difference in the value of the exchanged properties; that in order to secure the $5,500 cash payment to be made to Cook, Andrews called upon C. C. Cabiness, the active vice president and managing officer of appellant bank, who on behalf of appellant agreed to advance the $5,500 for the cash payment upon condition that Andrews should execute to Cook vendor's lien notes in the sum of $5,500 and in addition thereto notes for the full sum of money then owing to appellant by Andrews; that Reuben R. R. Cook, upon being advised of the proposition of appellant, executed his deed to Andrews for the property, reciting the consideration to be the sum of $5,500, plus the amount owing to the bank, and received the notes of Andrews for said amount; that the notes were then assigned by Cook to the bank, who received the $5,500 in cash; that the transaction was only a scheme, subterfuge, and plan whereby the bank was attempting to procure a lien upon the homestead of appellees; that the scheme, plan, and subterfuge on the bank's part to obtain security for the past-due loans of W. R. Andrews was the only consideration for the $3,000 notes and the inducing cause; that these notes were not signed by Bennie Andrews, wife of W. R. Andrews; that she was in no way indebted to the bank, and was not aware or acquainted with the terms and conditions of the agreement aforesaid; that at the time of the execution of the $3,000 notes, appellees were occupying as their homestead the property conveyed to Cook, and that their purpose in exchanging properties with Cook was to enable them to procure a larger and more suitable homestead in which their family might reside; that in pursuance of the exchange of properties, appellees, together with their family, moved from their former home to the property in question, all the time intending the same to be their homestead, and occupied the same as such; that the transaction was a plan and scheme whereby the homestead of appellee Bennie Andrews should be incumbered contrary to the Constitution and laws; that appellee Bennie Andrews not having signed said two $3,000 notes, there being no consideration for them, and no consideration

for the agreement to execute and deliver them to Cook, in s) far as they attempt to place a lien upon the property in question, they are null and void; that said notes and their extension and renewal down into the notes sued upon casts a cloud upon the title of appellees which should be canceled, annulled, and held for naught; that each and all of the notes sued upon as well as the original notes are null and void, being in violation of the Constitution and laws; that they admit that the bank is entitled to a personal judgment against W. R. Andrews on the notes sued upon, but pray that the lien recited in the notes, the deed of trust, and the deed from Cook to Andrews be canceled, annulled, and held for naught; and that the cloud cast upon appellees' title by them be removed.

Upon a trial before the court a judgment was rendered against W. R. Andrews for the amount of the five notes; denied appellant a foreclosure of the vendor's lien; canceling the apparent lien created by the registry of the deed and deed of trust; removing the cloud cast upon appellees' title by the notes, deed, and deed of trust; and quieting title and possession of appellees in the property.

From this judgment the bank appealed to the Fort Worth Court of Civil Appeals, the case thereafter being transferred to this court by the Supreme Court.

### Opinion.

■ The vital question upon which a proper disposition of this case depends is whether W. R. Andrews, as the husband, under the facts of this case, could create a lien against the property for sums over and above the actual purchase price.

Appellant contends that there being no written contract of purchase between Andrews and Cook, no possession under an oral agreement followed by improvements made thereon, the title to the property did not vest in Andrews until the conveyance from Cook; that the lien retained in the deed from Cook to Andrews, being for a valuable consideration, and having been created before the acquisition of title to the property by Andrews, was valid and could not be defeated by the plea of homestead.

With this contention we agree. Kalteyer v. Mitchell (Tex. Civ. App.) 110 S. W. 462, and authorities there cited. It appears from the court's findings of fact that there was no title in Andrews until the execution and delivery of the deed from Cook to him, and in that deed this lien was retained.

■ Homestead rights do not accrue until the title to the land on which such homestead is established has been acquired, or until the party claiming such right is in a position to demand title. Farmer v. Simpson, 6 Tex. 310.

And, as said in Walsh v. Ford, 27 Tex. Civ. App. 573, 66 S. W. 854, 856: "The deed expressed the terms upon which defendant took title. Under its terms defendant took title to the lot burdened with the liens specified in the deed. Having accepted title under these terms, he cannot now be heard to attack the recitations in the deed for the purpose of defeating the notes and the lien."

■ Nor can a person accept and reject the same instrument, or, having availed himself of the benefits conveyed by a part of an instrument, reject its other provisions. Doty v. Barnard, 92 Tex. 104, 47 S. W. 712.

■ The court concluded, in his conclusions of law, that: "The attempted fixing of the lien thereon in the manner and form herein above found, is and was a fraud upon the rights of the wife and her homestead rights therein, and that the same was simulated and not constituting any part of the consideration for the exchange of the same moving from the said W. R. Andrews to the vendor Reuben R. R. Cook, can not under our laws and the Constitution of this State, become a lien upon said lots 10, 11 and 12, in Block 34, Electra, Texas."

His finding of fact, upon which he evidently bases his conclusion, reads: "(h) I further find in this connection that W. R. Andrews and his wife, Bennie, discussed the terms of their exchange of the properties and that she knew of the exchange prices, and that she knew that her husband was giving $5500.00 in cash as the agreed differences in the prices of the respective properties, but that she was not aware of the existence of the three $3,000.00 notes until a short time before the filing of the suit thereon in the year 1927, and which said suit was dismissed Oct. 11th, 1927, that had she known of the agreement to give said last known notes, that she would not have consented to the exchange of the properties."

Appellees assert that the above findings and conclusions are conclusive and binding upon this court, and furnish the basis for the trial court's judgment which should be affirmed.

If we are correct in our conclusion that Andrews had authority to legally fix a lien upon the prospective homestead for sums other than the actual purchase price, then the bank was legally entitled to make the deal with him that was made, and the record disclosing no conspiracy to induce Mrs. Andrews to part with her then homestead, we fail to find where fraud can be found which would invalidate the obligation entered into by her husband.

The fact, as found by the court, that her husband failed to advise her of the $3,000 note, could in no way change the transaction; the bank not having shown to be a party to it.

While the lien retained in the deed from Cook to Andrews may not be strictly speaking a vendor's lien, it was nevertheless a valid contract lien and the homestead rights of

appellees attached to the property in question subject to it.

This being true, then the lien evidenced by the notes sued on was a valid one and should have been foreclosed by the court as prayed for by appellant.

The facts apparently having been fully developed in the court below, we see no reason for remanding the case for another trial; therefore we have concluded that the judgment of the trial court should be reversed and judgment here rendered that appellant recover of and from appellees the total amount of the notes sued upon, with interest, together with 10 per cent. attorney's fees and that the lien retained in the vendor's lien notes be foreclosed on lots Nos. 10, 11, and 12, block 34, Electra, Tex., and it is so ordered.

Reversed and rendered.