## SOMMER v. KRAMER et ux.
### No. 2922.

Court of Civil Appeals of Texas. El Paso.

Jan. 11, 1934.

Rehearing Denied Feb. 8, 1934.

Spafford & Spafford, of Dallas, for appellant.

Crane & Crane, of Dallas, for appellees.

HIGGINS, Justice.

Mrs. Lotte Sommer brought this suit against A. T. Kramer and wife, Rachel Kramer, to recover upon a promissory note executed by the defendants in favor of plaintiff.

The defendants filed demurrers, general and special, and answered to the merits. All demurrers were overruled except special demurrers numbered 3, 4, and 5, which were sustained.

The plaintiff declined to amend and her suit was by the court dismissed.

Personal liability upon the part of Mrs. Kramer was sought to be imposed upon the theory that the note was given for money loaned to procure necessaries for herself and children and for the benefit of her separate estate.

Some of the exceptions sustained were directed against the sufficiency of the allegations to impose such liability upon Mrs. Kramer.

The petition states a cause of action against A. T. Kramer as a joint maker of and principal obligor upon the note sued upon. He did not sign the note pro forma. There is nothing in the petition from which the inference might be drawn that he was for any reason not personally liable upon the note. The petition in this respect is in no wise demurrable.

■ Appellees present but one counterproposition in support of the dismissal of the suit against the husband. It is to the effect that since the cause of action alleged against Mrs. Kramer is insufficient, no personal judgment can be rendered against her husband though he is a necessary party. The case of Booth v. Cotton, 13 Tex. 359, is cited in support of this position but it obviously is without application. The petition plainly and properly states a cause of action against A. T. Kramer as a joint maker of and principal obligor upon the note sued upon. His liability upon the note is in no wise dependent upon his wife's liability thereon.

If it be conceded the petition is fatally defective as against Mrs. Kramer, such fact would not authorize the dismissal of the good cause of action, well pleaded, against the husband. Lewis v. Alexander, 51 Tex. 578. The court erred in so doing.

■■ The sustained exceptions embrace in subdivisions thereof quite a number of exceptions, all of which were sustained. Some of these subdivisional exceptions are so obviously untenable they call for no discussion. The appellee presents no propositions in support thereof. The propositions presented by appellee in support of the court's ruling all resolve themselves finally into the contention that the allegations are insufficient to impose personal liability upon Mrs. Kramer because of want of certainty, definiteness, and particularity in the allegations that the money for which the note was given was for necessaries

and for the benefit of Mrs. Kramer's separate estate.

As respects the personal liability of Mrs. Kramer, the petition is awkwardly drawn, but we do not regard it as subject to the attack made as stated and by the court sustained.

The note sued upon is in the sum of $6,000, dated January 1, 1928. The allegations show that $5,883.30 of said $6,000 note was in renewal of the amount due upon three earlier notes of defendants, one being for $3,000 and two others for $1,000 each.

"That the debt which is evidenced by the note sued on herein, was incurred by the defendant Rachel Kramer with sole reference to her separate estate and property, and for the benefit and preservation thereof, and that said debt was contracted for necessaries furnished the said Rachel Kramer and her children, and for expenses incurred by the said Rachel Kramer for the benefit, protection and preservation of her separate property, to-wit."

Then follow allegations showing that on April 7, 1923, defendants executed and delivered to plaintiff a note for $5,000 secured by deed of trust upon land belonging to the separate estate of Mrs. Kramer and that $810 of the note sued upon represented interest upon said $5,000 note. Then follow allegations as follows:

"That the remainder of the principal of the debt sued on herein, to-wit, the sum of $5,190.00 was incurred by the defendant Rachel Kramer for and on account of groceries, clothing, medicines, physician's fees and hospital service furnished and paid by plaintiff by reason of the premises, for the defendant Rachel Kramer and her children, and for furniture purchased and placed in the defendant's home, and for taxes, insurance premiums, and necessary repairs and betterments on and in connection with, and with reference to two residential properties owned in fee by the defendant Rachel Kramer, as her sole and separate property, situated in the City of Wichita Falls, in Wichita County, Texas; that plaintiff is not able to set out the several items aforesaid, or the amounts expended for each of said purposes with greater particularity, because no record thereof was preserved by her, but all of said items so composing said debt so contracted, and said expenses incurred were reasonable and proper and were necessary for the well being of the defendant Rachel Kramer and her children, and the preservation of her separate property; that the defend-

ants, and each of them have full and accurate knowledge of all of the items composing said necessaries and expenses, and have at all times kept and maintained, and now have in their possession books, records, letters, receipts and cancelled checks showing the nature of said items and the dates and amounts thereof, and the defendants and each of them are hereby requested to produce and have in court upon the trial of this cause, all such books, records, letters, receipts and cancelled checks, otherwise secondary evidence of the contents thereof will be offered."

There are no allegations which would impose personal liability upon Mrs. Kramer for the payment of said $5,000 note. From this it follows she is not personally liable for the $810 interest due upon such $5,000 note and incorporated in the note sued upon.

But the allegations last above quoted show that $5,190 of the $6,000 represented money for necessaries and for the benefit of Mrs. Kramer's separate estate.

It is not clear whether $5,000 of the $5,190 represented the three notes above mentioned for $3,000, $1,000 and $1,000, respectively, but this is unimportant. This obscurity is not within the scope of the exceptions sustained.

█ The allegations last quoted show that $5,190 of the note sued upon represents money for necessaries and for the benefit of Mrs. Kramer's separate estate. It is settled that the wife is personally liable upon contracts for necessaries and for the benefit of her separate estate. 23 Tex. Jur., title Husband and Wife, §§ 170, 171. The validity of her contracts to repay borrowed money and her liability upon promissory notes depends upon the question of whether the money was borrowed or the notes given for necessaries or for the benefit of her separate estate. If so, she is personally liable. 23 Texas Jur., Title Husband and Wife, §§ 184 and 195.

█ The allegations last quoted, in our opinion, are sufficiently certain, definite, and particular. We cannot agree with appellees that they do not sufficiently advise them of what appellant expects to prove as the basis of Mrs. Kramer's liability on the note sued upon. Under our system of pleading, as has often been decided, all that is necessary is for the pleader to state the grounds or facts upon which he bases his cause of action or defense. He need not and should not set out the evidence upon which he relies to prove the grounds or facts pleaded. See cases cited in 13 Michie's Digest, 1080.

The court erred in sustaining the exceptions and dismissing the suit. A good cause of action is sufficiently pleaded against both defendants.

Reversed and remanded.