## LISENBEE v. WICHITA FALLS BUILD-ING & LOAN ASS'N.

### No. 13108.

Court of Civil Appeals of Texas.
Fort Worth.
March 8, 1935.

Rehearing Denied April 19, 1935.

W. D. Hollars, of Vernon, and W. A. Hawkins, of Fort Worth, for appellant.

Edgar M. Mann, of Wichita Falls, for appellee.

BROWN, Justice.

Prior to September 3, 1929, E. J. Harris owned a certain tract of land in the city of Vernon, Wilbarger county, Tex., and had a loan thereon made with Wichita Falls Building & Loan Association, appellee here.

Harris became in arrears on his payments and appellee posted the property for sale. No deed from the trustee's sale appears in the record, but the testimony shows that it.was bought in in the name of appellant, G. W. Lisenbee, by and through some arrangement made between appellant and Harris.

On October 12, 1929, appellant and wife signed a deed of trust conveying the said property to a designated trustee for appellee association to secure the payment of a note due it, and signed by appellant and wife in the sum of $1,644.75. The deed of trust recites that it conveys the same premises conveyed by the trustee's deed to G. W. Lisenbee on September 3, 1929, and recorded in the deed records of Wilbarger county, Tex., to which reference is made for all purposes.

Appellant made application for the loan, above mentioned, to appellee association, and in writing signed a designation of homestead specifically describing other property than that involved herein.

On October 19, 1929, appellant and wife signed a deed conveying the premises, involved herein, to E. J. Harris, the deed reciting that Harris assumed the payment of the note signed by appellant and payable to appellee association; and on September 1, 1930, E. J. Harris and wife signed a deed reconveying the property to appellant, in which deed it is recited that appellant agrees to pay the balance of the note executed by him to appellee association.

Appellant paid on the debt due appellee, and finally became in arrears on his payments; and on March 9, 1931, appellee wrote to him to ascertain what were the prospects of the payments being made; that it did not want to foreclose, unless it became necessary. Appellant replied that he would.make one or two payments about the 25th of the month, and that he thought he could make one each month thereafter, and in the fall take up all back payments, but would do so sooner, if possible.

Lisenbee having defaulted, the property, after due notice, was sold by the trustee, and same not bringing the debt due, this suit was brought on the note to recover the balance as against appellant and his wife.

Appellant pleaded that the cause of action, for the deficiency, was barred by the six-month limitation placed upon the bringing of such causes of action by the Acts of the 43d Legislature, c. 92, p. 198 (Vernon's Ann. Civ. St..arts. 2218, 2218a). That the trustee's sale was made on April 5, 1932 (the suit being filed October 31, 1933), and more than six months having passed between the time of the sale and the bringing of the suit.

Appellant specifically pleaded the former ownership of E. J. Harris, the execution of all of the instruments heretofore mentioned by us, and alleged that Harris, in purchasing the property, had executed a second lien note in the sum of $925, which note had been transferred to a third party, and that Harris conspired with appellee to sell the property at a trustee's sale to cut off the junior lienholder, and that Harris and a representative of appellee approached appellant and made appellant the proposition that if he would allow them·to buy·the property in in appellant's name, "it would not cost him anything and that he would never be bothered about it in any way, and

G. W. Lisenbee consented to the proposition if he would be held harmless." That appellant was not present when the sale was made; that the deed executed by the trustee to him was placed of record without his knowledge; that for the purpose of getting a loan on the premises for Harris, Harris and appellee's agent came to appellant and told him to sign some instruments so the property could be transferred to Harris, and the insurance changed; and relying upon the statements then made, appellant signed the instrument exhibited to him "without reading same or knowing their contents"; that many months thereafter appellee was threatening to foreclose and appellant, for the first time, knew that he had signed and executed a deed of trust and note to appellee for the loan of $1,644.-75, etc., and that he did not know until then he was the record owner of the property. Appellant further pleaded:

"Defendants would show the court that no notary public was present to take the acknowledgment of the said G. W. Lisenbee when he signed said instruments, and particularly, W. A. Larimore, the notary public who appears of record, and that the said W. A. Larimore did not take the acknowledgment of Nell Lisenbee to said instruments; that one E. M. Rogers appeared as notary public and took the acknowledgment of the defendant Nell Lisenbee; defendants would show the court that they nor either of them acknowledged said instruments as their instruments before the said W. A. Larimore, notary public of Wilbarger County, Texas, as required by law. Nor the contents of said instruments ever read or explained to defendants by the said E. M. Rogers or the said W. A. Larimore."

Appellant pleaded that "no consideration passed from defendants to the plaintiff for the trustee's deed executed by R. H. Coffee, trustee to defendants"; that they paid no money, nothing of value for the property bought in appellant's name; that they did not own any interest therein; that when the loan was made, defendants did not receive any money or thing of value from plaintiff for the execution of the deed of trust and note, and the consideration therefor has failed; that Harris, without the consent or knowledge of appellant and wife, executed the deed conveying the property to appellant and placed same on record; and that appellant paid no consideration for the conveyance and did not assume to pay the debt described therein.

Appellant then pleads in the alternative, that if he be held to the obligation charged to him, he be given relief under the above-mentioned act for the difference between the sale price and the actual value of the premises sold at the trustee's sale.

Appellant's wife pleaded her disabilities of coverture in bar of any personal judgment sought against her.

Appellee excepted to all of appellant's allegations asking for relief under the Act of the 43d Legislature, above referred to. The trial court sustained such exceptions which attack the act as unconstitutional, and as not applying to the transaction here involved.

Appellee denied specifically all of the allegations urged by appellant to avoid his liability; and specifically pleaded that appellant went into possession of the premises and collected the rents and revenues therefrom for almost two years, and paid on the debt, for which he had obligated himself, and was estopped to deny the validity of his transactions.

Appellant admitted that Harris was his good friend, and on direct examination, when asked about the deed executed by Harris and wife to the witness, he was asked: "Q. Did you know at the time that Mr. Harris brought this deed there that he had executed it, or put it on record?" To which appellant answered: "A. Not until after he left. I read it after he left."

The witness endeavored afterward to make it clear that he never read the deed and did not know its contents, and said he did not assume to pay the debt mentioned therein, and did not know he had signed the deed of trust, and that the loan had been made in his name, until shortly before the trustee's sale; but the following appears in the record:

"Q. Did you know you were bound on that note, or that they were trying to make you pay it? A. I knew it had been taken over.

"Q. Who had taken it over? A. I knew it had been transferred to me, and I had been paying Mr. Coffee (agent of appellee) on this loan.

"Q. How come you to be paying on a loan that you were not bound on? A. When Harris deeded it back to me, I figured it was good property and times were good, and I went ahead.

"Q. You assumed payment on that note, didn't you? A. Well, yes, but I did not

know the deed of trust was signed by me and the loan gotten in my name."

Appellant admitted he collected the rents on the premises, and that he made payments on the loan. Appellant admitted signing all of the instruments whereon his apparent signatures are found, and he and his wife specifically identified her signature thereon. They simply deny the regularity of the acknowledgments on some of the instruments.

Appellant testified positively to accepting the deed from Harris to him; detailed the conversation with Harris, at the time, and admitted taking over the property under the Harris deed, and remaining in possession, enjoying the rents therefrom, until the foreclosure against him.

He admitted that he thought he "had made a pretty good trade," and that he thought he would make something out of the property. He testified that if times had been good he would have paid off the debt, without raising any objection.

The case was tried to a jury, and upon receipt of the verdict on special issues the trial court rendered judgment for appellee, plaintiff below. Defendant G. W. Lisenbee has appealed.

■ The first three assignments of error complain of the trial court sustaining special exceptions to appellant's pleading, wherein he relies upon the Act of the 43d Legislature, c. 92, p. 198 (Vernon's Ann. Civ. St. arts. 2218, 2218a), which seeks to limit the time within which "deficiency judgment" suits may be brought, after a sale, and purporting to give the former owner the right to have the difference, between what the property was actually worth and what it brought at the sale, credited to him.

The act is unconstitutional. There was no effort to incorporate a "saving clause" in the bill and the entire act falls. Langever v. Miller (Tex. Civ. App.) 73 S.W. (2d) 634, affirmed by the Supreme Court, 76 S.W.(2d) 1025, 96 A. L. R. 836. The assignments of error are overruled.

The fourth assignment of error complains of the trial court refusing to give appellant's requested special issues Nos. 1 to 16, inclusive, in lieu of the charge actually given.

■ These sixteen issues cover much subject-matter; the bill of exceptions discloses that they were all requested in one instrument. The rule is established in this state

that a request to give special issues cannot be made in such a manner, and form the basis of a proper assignment of error. The rule is obviously a wholesome one. A litigant asking for the submission of several issues "in hotchpotch" fashion usually requests one, or more, that should not be given, and having requested the giving of "good, bad and indifferent" issues, all in one instrument, the court is warranted in refusing all.

Each issue of fact must be separately requested, and the refusal thereof is made a single bill of exceptions to the action of the trial court. Of course, we do not mean to say that interrelated issues cannot be asked "on one paper"—issues, the answers to which solely depend upon each other. Whether a certain act was done, or omitted to be done, whether such was negligence, and whether the negligence was a proximate cause of the fact giving rise to the suit are illustrations of such interrelated issues.

Some of the issues requested by appellant should not have been given, for various good reasons not necessary to state. Furthermore, the assignment of error is so multifarious that it should not be considered.

■ The jury found against appellant on the issue of fraud; that appellant acknowledged the deed of trust; that Harris and Coffee did not tell appellant the instruments he signed would not in any way obligate him; that Mrs. Lisenbee acknowledged the deed of trust; that appellant accepted the deed from Harris to him; that on or about the time of the first trustee's sale (to appellant) appellant paid $225 to appellee.

The court was fully warranted in rendering judgment for appellee on the verdict. Furthermore, we do not believe the evidence is sufficient to raise any issue of fraud, or failure of consideration.

■ The seventh assignment of error complains that the court erred in assuming that the recited consideration, found in the deed of trust, "was paid or supported by a consideration; no issue being submitted covering the grounds of defense as requested by appellant."

The facts are undisputed. No successful attack, upon the deed of trust, was made by appellant. He admits the execution of the instrument, and of the note secured by it. His only answer is, he signed without reading the paper.

Lisenbee cannot both accept and reject the deed from Harris to him, nor can he, having availed himself of the benefits conveyed by a part of such instrument, reject its other provisions. Security Nat'l Bank v. Andrews (Tex. Civ. App.) 24 S.W.(2d) 509; Doty v. Barnard, 92 Tex. 104, 47 S. W. 712.

We find no error in any of the assignments of error presented.

The judgment of the trial court is affirmed.