## FARM & HOME SAVINGS & LOAN ASS'N OF MISSOURI v. ROBERTSON et al.

### No. 8098.

Court of Civil Appeals of Texas. Austin.
April 10, 1935.

Woodruff & Holloway, of Brownwood, for appellant.

**156**

BLAIR, Justice.

Appellant sued appellees, alleging that on December 20, 1927, appellees executed and delivered to appellant an installment note for $2,500, secured by a deed of trust on certain real estate; that after default, on May 3, 1932, the deed of trust was foreclosed and the property sold at trustee's sale for $1,000; and that after crediting this amount and all other credits on the note, there remained due $1,319.94, for which deficiency this suit was brought. Appellees pleaded, and the court held, that the cause of action was barred by limitation under the Anti-Deficiency Judgment Law, approved April 21, 1933, now chapter 92, General Laws, Regular Session of the 43d Legislature (Vernon's Ann. Civ. St. arts. 2218 and 2218a), which provides that actions of this character must be brought within six months after the date of any sale of the real estate security.

As reflected by its petition, on May 3, 1932, appellant caused the deed of trust to be foreclosed and the property sold at trustee's sale. Under the limitation statute then in force with regard to a recovery of the difference between the amount the property sold for and the debt secured by the deed of trust, appellant had four years from the date of the trustee's sale within which to bring this suit. The Deficiency Judgment Act of 1933 changed the period of limitation to six months after the date of the sale by the trustee for any deficiency arising from failure of the property to sell for enough to pay the debt secured by the deed of trust.

Appellant contends that if the Legislature intended that article 2218a should be given retroactive effect, then it is unconstitutional as to appellant's cause of action, which had accrued approximately eleven months prior to the effective date of said article.

Since the filing of this appeal the Supreme Court has held the Anti-Deficiency Judgment Act of 1933 unconstitutional in its entirety, because retroactive in purpose, and as being violative of the Constitution as legislative exercise of judicial power and impairing the obligation of contracts. Langever v. Miller (Tex. Sup.) 76 S.W.(2d) 1025, 96 A. L. R. 836. Upon this authority, the judgment of the trial court will be reversed and the cause remanded.

Reversed and remanded.