**TEXAS NAT. SECURITIES CO. v. OLDHAM.**

No. 2836.

Court of Civil Appeals of Texas. Beaumont.

Dec. 2, 1935.

Rehearing Denied Dec. 11, 1935.

E. L. Nall, of Beaumont, for appellant.

Gilbert T. Adams, of Beaumont, for appellee.

WALKER, Chief Justice.

Appellant, Texas National Securities Company, filed its original petition in this cause against appellee, G. Oldham, on November 2, 1934, alleging for cause of action the following facts: On January 29, 1931, appellee executed to appellant his promissory note in the principal sum of $2,000, due one year after date, secured by a deed of trust upon lot 11, block 23, Jef Chaisson addition to the city of Beaumont; appellee defaulted in the payment of this note and the property was sold at trustee's sale on the first Tuesday of April, 1933, and bought by appellant for the sum of $1,250; after deducting the amount of a paving lien and other expenses, there was credited on the note $897.06, the balance of the sale price, leaving a balance due of $1,452.69. This suit was filed by appellant against appellee to recover judgment for this deficiency. Appellant answered that, at the time this suit was filed, appellee's cause of action was barred by the statute of limitation of six months prescribed by Acts of 1933, 43d Legislature, p. 198, chapter 92, § 2, being section 2 of article 2218a, Vernon's Annotated Civil Statutes Texas. Section 2 of article 2218a reads as follows: "All actions for the recovery of any judgment on any note or notes secured by a lien on real estate shall be brought within six months after the date of any sale of the real estate security and no court shall have any jurisdiction to maintain any such action brought after such date."

Upon trial to the court without a jury appellant's exception attacking the plea of limitation on constitutional grounds was overruled and, from the recitations of the judgment, we conclude that the trial court entered its judgment on the pleadings of the parties.

The only issue presented by this appeal is appellant's proposition that section 2 of article 2218a, supra, is unconstitutional. That point has been affirmatively decided in appellant's favor by the three following cases: Lisenbee v. Wichita Falls Building & Loan Ass'n (Tex.Civ.App.) 82 S.W. (2d) 688, 689 (writ refused); Farm & Home Savings & Loan Ass'n v. Robertson (Tex.Civ.App.) 82 S.W.(2d) 155; Lang-

ever v. Miller (Tex.Sup.) 76 S.W.(2d) 1025, 96 A.L.R. 836.

It follows that the judgment of the lower court must be reversed and the cause remanded for a new trial.