## STAHLMAN et al. v. McMANUS.

### No. 1540.

Court of Civil Appeals of Texas. Eastland.

April 3, 1936.

Thomas & McDonald, of Big Spring, for appellants.

Turner, Seaberry & Springer, of Eastland, and J. D. Burns, of San Angelo, for appellee.

LESLIE, Chief Justice.

George J. McManus filed this suit against Louise Stahlman and husband, H. I. Stahlman, to recover the unpaid balance of a mechanics' lien note. The defendants answered by a general denial, general demurrer, plea of limitation, etc. The trial resulted in a judgment for the plaintiff, and the defendants appeal.

The facts out of which the litigation grows are in substance as follows· August 15, 1929, W. E. Jones and wife, Lola Jones, executed to L. W. Wright a mechanics' lien against the north half of lot 4 in block 1, Morningside addition to the town of Big Spring, Howard county, Tex., in consideration that Wright construct on said lot a five-room dwelling house. The consideration was stated to be '$1,600, $100 paid in cash, and $1,500 evidenced by a promissory note of·the Joneses to Wright. Wright performed the services and later transferred the note and mechanics' lien to the Stahlman Lumber Company, Inc.

October 17, 1929, Jones and wife by deed of general conveyance, reciting a consideration of $1 paid, conveyed the lot and improvements to Louise Stahlman. January 23, 1930, the Stahlman Lumber Company transferred the note and lien to the Big· Spring Building & Loan Association, reciting therein that the original $1,500 note bore a credit of $600, and that all interest had been paid to date. The same date, January 23, 1930, Louise Stahlman and H. I. Stahlman executed their personal note to the Big Spring Building & Loan Association for $900, the unpaid balance of said note, and also executed a deed of trust against the lot in favor of the association securing the indebtedness. This deed of trust recited the history of the obligation and subrogated the association to the lien, rights, etc., granted by the original note and mechanics' lien. Thereafter this $900 note, carrying credits, and the lien securing the same were transferred by the Building & Loan Association to plaintiff, George J. McManus. At his instance and request, the lien on said property was foreclosed by a sale of the property under the deed of trust on August 2, 1933. He bid the property in for the consideration of $450 paid. This amount was applied to the appellants' indebtedness to McManus as hereinafter stated.

For the balance of the indebtedness found due, the trial court rendered a judgment, jointly and severally, against Louise Stahlman and H. I. Stahlman. Thus directing the judgment against the married woman is assigned as error. The appellee's petition discloses that Louise Stahlman was a married woman at the time she executed the note in suit, substituting it for the original mechanics' lien note. The obligation is evidently not one upon which she may thus bind herself. It affirmatively appears that the contract is not one which the statutes authorize a married woman to make. Gamel v. City National Bank (Tex.Com.App.) 258 S.W. 1043; Womack v. First Nat. Bank (Tex.Civ.App.) 81 S.W.(2d) 99; Sommer v. Kramer (Tex.Civ.App.) 67 S.W. (2d) 1078; Lewis v. Alexander, 51 Tex. 578. The trial court erred in thus rendering the judgment against her, and, as we understand, the appellee in his brief concedes the point.

The appellant makes the further contention that the court erred in rendering any judgment whatever against H. I. Stahlman, since he signed the note "only in his capacity as a husband and for the purpose of indicating only his assent to his wife's action in management of her separate estate," etc. The record does not support the contention. The note carries the unqualified signature of each of the parties, and is a promise by "the undersigned" to·pay the same. The record shows that H. I. Stahlman signed the note as a maker thereof, and there is neither allegation nor proof that he executed the same by reason of fraud, duress, accident, or mistake. The judgment against him is not by reason of any liability of a husband for his wife's debts, but is based upon his individual debt as evidenced by the note. His liability is clear from the following statute and authorities: Article 5936, § 60, R.S.1925; Tygart v. Hulshizer (Tex.Civ. App.) 234 S.W. 1116; Turner v. Montgomery (Tex.Civ.App.) 67 S.W.(2d) 637; Sommer v. Kramer, súpra; Womack v. First Nat. Bank, supra.

472

By the third assignment appellants contend that the judgment was rendered for a greater amount than was owed. The difference between the appellants and the appellee evidently arises from the different manner in which each computes the balance due. Both agree that $765.02 was the amount due of principal and interest on August 2, 1933, when the lot was sold under the deed of trust for $450. From this $450 the appellee first deducted trustees fees, state, county, city, school taxes, and insurance aggregating $110.94, leaving $339.06 for application to the indebtedness of $765.02. When so applied, this left $425.96, and the interest on this sum from August 2, 1933, to March 7, 1935 (the date of judgment), amounted to $68.80. This added to the $425.96 totals $494.76. Adding 10 per cent. of this sum as attorney's fees, we have the amount due on the note of $544.24. To this sum was added $65 rent due appellee by appellants, bringing the grand total to $609.24, whereas the judgment entered was for $609.06. Under the terms of the deed of trust, the appellant assumed certain obligations concerning taxes, insurance, trustees fees, etc., and we perceive no error in the action of the appellee in deducting said amounts unpaid by the appellant, but under the circumstances falling as an obligation upon the appellee and the property purchased by him at the sale. The appellee's method of computing the balance due is substantially correct, and we approve the same.

By the fourth proposition the appellant makes the contention that the trial court erred in not holding the claims asserted in plaintiff's petition barred by the six months' statute of limitation provided for in section 2, art. 2218a, Vernon's Ann.Civ.St., Acts 1933, 43d Leg. p. 198, c. 92.

The note involved in this suit is dated January 23, 1930. The act mentioned took effect April 21, 1933. The property was sold under the deed of trust August 2, 1933. The holder of the balance of the note did not file this suit seeking deficiency judgment until October 19, 1934.

If the statute pointed out by the appellants were in force, their contention should be sustained, but that statute, or the act embracing the same, has been definitely declared unconstitutional and void. Langever v. Miller, 124 Tex. 80, 76 S.W.(2d) 1025, 96 A.L.R. 836; Lisenbee v. Wichita Falls Building & Loan Ass'n (Tex.Civ.App.) 82 S.W.(2d) 688 (writ ref.); Farm & Home Sav. & Loan Ass'n v. Robertson (Tex.Civ. App.) 82 S.W.(2d) 155. There is no "saving clause" in the bill, and the entire act falls.

Counsel for appellants have filed an able brief pointing out the distinction between statutes affecting the obligation of contracts and those affecting remedies only. By it they seek to sustain and establish the present validity of said section 2, regardless of any invalidity that might appear in other portions of the act. It would serve no useful purpose to discuss this contention, since we are of the opinion that under the above authorities the act has been stricken down in its entirety.

The fifth assignment, we understand, has been withdrawn under the agreement filed in this court August 2, 1935, by the respective parties.

The sixth proposition is without merit, and should be overruled for the reasons assigned in the discussion of the third assignment of error.

By reason of the terms of the deed of trust with reference to insurance, taxes, trustees fees, etc., we overrule assignment No. 7. The reasons are particularly pointed out in the discussion of assignment No. 3.

For the reasons assigned, the judgment of the trial court is reformed and affirmed so as to run against H. I. Stahlman only.