**CURRIE v. FIRST NAT. BANK IN BIG
SPRING et al.**

**No. 1565.**

Court of Civil Appeals of Texas. Eastland.

June 12, 1936.

Rehearing Denied Sept. 18, 1936.

Morrison & Morrison, of Big Spring, for
plaintiff in error.

Thomas & McDonald, of Big Spring, for
defendants in error.

GRISSOM, Justice.

In November, 1929, T. A. Gaskins pur-
chased a section of land in Howard county
and executed in part payment therefor cer-
tain vendor's lien notes, which notes con-
tained the usual provisions. Wm. B. Currie
became the owner of seven of said notes,
and on Gaskins' failure to pay certain prin-
cipal and interest, in November, 1932, de-
clared said notes due. On January 9, 1933,
Currie obtained a judgment against T. A.
Gaskins for the amount due on the notes
and for foreclosure of the vendor's lien.
The property was sold under order of sale
to Currie for the sum of $1,500, which
amount was credited on said judgment. In
December, 1934, there being about $6,954
unpaid on said judgment, Currie caused a
writ of garnishment to be served on the
First National Bank in Big Spring. The
bank answered in substance that at the time
of the service of the writ it had on deposit
the sum of $616.91 in the name of T. A.
Gaskins, but that the bank had been noti-
fied that Mrs. Gaskins claimed the deposit
as her own separate property.

T. A. Gaskins answered setting up section 3 of article 2218a, Vernon's Ann.Civ. St., as a defense. Mrs. Gaskins intervened, asserting that the money on deposit was the rent from her farm, which farm was purchased by money inherited from her father, and that, therefore, under the provisions of article 4616 such deposit was not subject to the debts of her husband.

The jury found that all the money on deposit in the bank was the separate property of Mrs. Gaskins. In accordance with the verdict of the jury, judgment was rendered that plaintiff take nothing and Mrs. Gaskins was awarded the funds on deposit in the bank.

■ The plaintiff in error Currie contends that article 2218a, pleaded by T. A. Gaskins as a defense, is unconstitutional. This article became effective April 21, 1933. The vendor's lien notes were executed by T. A. Gaskins November 25, 1929. Judgment for the debt and foreclosure was entered January 9, 1933. The judgment provided for order of sale. Order of sale was issued thereon February 6, 1933, but its execution was postponed by virtue of the Moratorium Act (Acts 1933, c. 102). In July, 1933, the property was finally sold under order of sale. Thus it is seen that at the time of the execution of the deed and vendor's lien notes, both the contract and the law authorized the very things that were done by the plaintiff in error. This was also true at the time of the rendition of the judgment in the original suit. Thus, if the article in question, and especially section 3 thereof, is valid, it has the effect of depriving the plaintiff in error of valuable rights acquired by the contract and existing by virtue of the law then in effect. As a result of the statutory reduction of the time within which writ of garnishment was permitted to issue on the judgment by article 2218a, plaintiff in error's contract has become less valuable.

Section 3 of said article 2218a, provides: "No writ of execution, attachment, garnishment, or other writ or order seeking to enforce any money or deficiency judgment had on any note or other obligation secured by any lien on real estate shall ever be issued by any court of this State unless the application for said writ or order shall have been made within six (6) months after any sale shall have been had of any real estate securing the note or other obligation." It is unconstitutional and void. Our construction of the decisions of the Supreme Court of Texas is that said court has held the act in question unconstitutional in its entirety. Plaintiff in error's propositions and assignments to that effect are sustained. Const. Tex. art. 1, § 16; Langever v. Miller, 124 Tex. 80, 76 S.W.(2d) 1025, 96 A.L.R. 836; Stahlman et al. v. McManus (Tex.Civ.App.) 93 S.W.(2d) 470, 472; Farm & Home Sav. & Loan Ass'n of Mo. v. Robertson (Tex. Civ.App.) 82 S.W.(2d) 155; Texas Nat. Securities Co. v. Oldham (Tex.Civ.App.) 88 S.W.(2d) 621; Lisenbee v. Wichita Falls Building & Loan Ass'n (Tex.Civ.App.) 82 S.W.(2d) 688. Also, see Cattle Raisers Loan Co. et al. v. Doan (Tex.Civ.App.) 86 S.W. (2d) 252; Doan et al. v. Cattle Raisers Loan Co. (Tex.Sup.) 86 S.W.(2d) 1082; 13 Tex.Law Review, p. 85 et seq.

■ We consider the evidence sufficient to have authorized the jury to believe that the money deposited was received as rent from Mrs. Gaskins' farm, which farm was her separate property; that Mrs. Gaskins had been an invalid for some time; that she had not been able to go to town for at least two years; and that for her convenience she had permitted her husband to deposit her money, so acquired, in the garnishee bank in his name. The husband testified in substance that all the money in the bank was rent from the wife's farm. Plaintiff in error says that there are inconsistencies and contradictions in his testimony. Conceding this to be true, still only a question of fact to be determined by the jury is presented. In this connection it must be remembered that the witness was 84 years of age. "Inconsistencies and contradictions in Mrs. Arrendiell's testimony merely raised questions of fact for the jury. Funk v. Miller (Tex.Civ.App.) 142 S.W. 24, 25, par. 1; Melburn v. Webb (Tex.Civ. App.) 277 S.W. 800, 801; Davis v. Petroleum Casualty Co. (Tex.Civ.App.) 13 S.W. (2d) 981, 983; Farmers' Gin Co. v. Smith (Tex.Civ.App.) 28 S.W.(2d) 839." Texas Employers' Insurance Ass'n v. Herron (Tex.Civ.App.) 29 S.W.(2d) 524, 527.

■ Although the court was in error in not sustaining exceptions to the defendant T. A. Gaskins' answer based upon article 2218a, § 3, it does not result that the judgment must be reversed. The wife was permitted to intervene and assert that the impounded fund was rent from her separate property and therefore not liable for her husband's debt. The jury, in effect, found her allegations to be true. Article 4616, R.S.1925, provides that the rents from the

wife's separate real estate shall not be subject to the payment of debts contracted by the husband. We think the judgment finds support in the pleadings of Mrs. Gaskins, the evidence, and said article 4616. Hawkins v. Britton State Bank, 122 Tex. 69, 52 S.W.(2d) 243; Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799; 12 Tex.Law Review, 349; 11 Tex.Law Review, pp. 83 and 391.

We have carefully considered all propositions and assignments of plaintiff in error, and, except as hereinbefore stated, they are overruled, and the judgment of the district court is affirmed.