## NATIONAL LOAN & INVESTMENT CO. OF DETROIT, MICH., v. BROWNE.

### No. 9894.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 12, 1936.

Lorimer Brown & Davis, of Harlingen, for appellant.

Rentfro & Cole, of Brownsville, for appellee.

MURRAY, Justice.

Appellant, the National Loan & Investment Company of Detroit, Mich., instituted this suit against Stephen P. Browne seeking to recover the amount of principal, interest, and attorney's fees alleged to be due upon a certain promissory note in the principal sum of $6,500. It was further alleged that the note was secured by a deed of trust upon certain real estate which had been sold at a trustee's sale, the amount derived from the sale credited on the note, and the suit was for the balance due upon the note.

Appellee filed a plea to the jurisdiction alleging that under the provisions of article 2218a, Vernon's Annotated Texas Civil Statutes, the court was without jurisdiction to hear and decide the case. This plea was sustained and the cause dismissed, hence this appeal.

Article 2218a, § 2, reads as follows:

"All actions for the recovery of any judgment on any note or notes secured by a lien on real estate shall be brought within six months after the date of any sale of the real estate security and no court shall have any jurisdiction to maintain any such action brought after such date."

The above is section 2 of House Bill No. 150, Acts 1933 Legislature, Regular Session, p. 198, c. 92. This entire act has been held to be unconstitutional and void. Langever v. Miller, 124 Tex. 80, 76 S.W.(2d) 1025, 96 A.L.R. 836; Lisenbee v. Wichita Falls Bldg. & Loan Ass'n (Tex.Civ.App.) 82 S.W.(2d) 688; Farm & Home Sav. & Loan Ass'n v. Robertson (Tex.Civ.App.) 82 S.W.(2d) 155; Stahlman et al. v. McManus (Tex.Civ.App.) 93 S.W.(2d) 470.

It follows that the trial court erred in sustaining the plea and dismissing the cause. The judgment will be reversed and the cause remanded.