### LAMAR LIFE INS. CO. v. JORDAN et ux.
### No. 2429.

Court of Civil Appeals of Texas. Waco.
May 28, 1942.

Rehearing Denied June 25, 1942.

Stewart, Burgess & Morris, Carloss Morris, Jr., R. Dyrel Kirk, and Sam Warren Mintz, all of Houston, for appellant.

Street & Street, of Waco, for appellees.

HALE, Justice.

Lamar Life Insurance Company sued Harry P. Jordan and wife, Mrs. Vara H. Jordan, on a $15,000 note secured by deed of trust on certain real estate. The Insurance Company had previously acquired title to the security through a nonjudicial foreclosure sale for the sum of $7,500. Defendants answered the suit with a general denial, pleaded the wife's coverture, and alleged that the value of the property securing the debt sued upon was in excess of $15,000 at the time of the foreclosure, and that they were each thereby relieved from further liability by reason of the provisions of Article 2218 of Vernon's Texas Statutes as amended in 1933 by the 43rd Legislature, c. 92. The case was tried before the court below without a jury and resulted in a deficiency judgment against the husband alone. The Insurance Company has appealed from that part of the judgment which denied it any recovery against the wife. Harry P. Jordan has appealed from that part of the judgment which awarded a recovery against him.

Under appropriate points in its brief, the Insurance Company contends that it was entitled to recover against Mrs. Jordan because it says the undisputed evidence showed the note sued upon represented an indebtedness incurred for the benefit of her separate property, that the same was executed in order to improve her position with respect to said property and to preserve the homestead right which she had therein. Harry P. Jordan contends as the basis for his appeal that since the evidence showed the value of the security was far in excess of the sum for which it was bought by the Insurance Company at the foreclosure sale, the court should have found the value of the property at the time of the sale and should have rendered judgment against him for such sum only, if any, as the amount due on the note exceeded the found value of the property.

On December 5, 1927, Pio Crespi conveyed his home in the City of Waco to Mr. and Mrs. Jordan for the consideration of $40,000, the sum of $13,000 having been paid in cash and the balance of $27,000 having been evidenced by a vendor's lien note due January 1, 1933, and secured by a deed of trust on said property. Under date of December 20, 1932, the balance then due on said note in the sum of $18,500 was renewed and the liens securing the payment thereof were duly extended to January 1, 1936. On January 15, 1937, at the request of Mr. and Mrs. Jordan, Crespi assigned to the Insurance Company the unpaid balance of said note in the sum of $15,000, together with all right, equities, title and interest which he held by virtue of being the payee therein and the beneficiary in the deed of trust and all renewals and extensions thereof. At the same time Mr. and Mrs. Jordan executed the note and deed of trust directly involved in this suit, each instrument providing that it was given in renewal and extension of the balance due on the original indebtedness hereinbefore referred to, the deed of trust reciting that the Insurance Company was thereby subrogated to all the rights, liens, remedies, equities and benefits previously held by said Crespi. Default having been made in the payment of said note, the property securing the same was duly sold by the trustee on January 2, 1940, to the Insurance Company.

It is well settled that a married woman cannot contract so as to make herself personally liable for purchase money, as such, for real estate. She may become liable, however, on a contract for funds borrowed and used in order to protect and benefit her separate estate. Farm & Home Savings & Loan Ass'n v. Abernathy, 129 Tex. 379, 102 S.W.2d 410, 104 S.W.2d 1111. Property acquired during marriage takes its status as separate or community from the facts as they exist at the very time when the same is acquired. Smith v. Buss, 135 Tex. 566, 144 S.W.2d 529. In the absence of evidence to the contrary, all property so acquired is presumed to be community. When the separate funds of either spouse are used in the purchase or improvement of community property, an equity is thereby created on behalf of the one whose funds are so used, such as to entitle him or her, upon an accounting of the several estates, to reimbursement for the amount of the funds thus used, although such an equity does not

change the status of the title. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620.

The evidence in this case showed that Mr. and Mrs. Jordan were married in 1908. Subsequent to their marriage it appears that Mr. Jordan inherited certain property from his deceased aunt and Mrs. Jordan likewise inherited certain property at different times from her deceased father and brother. Some of the bonds which each spouse had thus inherited were sold by Mr. Jordan a short time prior to December 5, 1927, and the proceeds derived from such sale were used along with other community funds in making the cash payment of $13,000 on the property here involved. However, both Mr. and Mrs. Jordan testified, in substance, that they had comingled their separate estates and had never attempted to keep the same segregated; that Mrs. Jordan had immediately turned over to her husband the bearer bonds which she inherited and had authorized him to use them in any way he saw fit. Mr. Jordan testified that he regarded the bonds so delivered to him by his wife as community property given to him by her to do with as he pleased; that he used such bonds, along with those which he inherited from his aunt, from time to time as he deemed for the best interest of their community estate; and that all of the payments made on the purchase price of the property in question were made with community funds.

■■ The trial court found specifically that the entire cash payment of $13,000 made on December 5, 1927, as a part of the purchase price of the property here involved, was made with community funds belonging to Mr. and Mrs. Jordan. We cannot say that such finding is contrary to, or is without proper support in, the evidence. Under this express finding, it necessarily follows that the property thus acquired became and was as a matter of law community property. Moreover, if no part of the separate funds of Mrs. Jordan went into the purchase price or improvement of said property, it also follows that she did not acquire any equity on behalf of her separate estate at any time which could have been benefited, improved or preserved. Consequently, under no theory of law applicable to the found facts could Mrs. Jordan be held personally liable on the original note or any renewal or extension thereof. Therefore, all of the Insurance Company's points and assignments are overruled.

■■ Article 2218 of Vernon's Texas Statutes as amended in 1933 by the 43rd Legislature, p. 198, Ch. 92, known as the Anti-Deficiency Judgment Law, and relied upon by Harry P. Jordan as the basis for his appeal, has been declared by the Supreme Court of Texas to be void because in violation of the constitutional provision against any law impairing the obligation of contracts, Vernon's Ann.St.Const. art. 1, § 16. Langever v. Miller, 124 Tex. 80, 76 S.W. 2d 1025, 96 A.L.R. 836. Appellant Jordan insists that since the note and deed of trust here involved were executed subsequent to the enactment of this statute, an application of the same to the facts of this case would not violate any provision of the Constitution. We cannot agree with this contention. In our opinion, the execution and delivery of the note and deed of trust by Mr. and Mrs. Jordan on January 15, 1937, did not constitute a novation, but simply operated as a continuation and extension of the rights which vested and became fixed at the inception of the contract on December 5, 1927. However that may be, since the Supreme Court has declared the Act to be void, we do not think it can become the basis for any right or relief at any time or under any circumstances. Lisenbee v. Wichita Falls Bldg. & Loan Ass'n, Tex.Civ.App., 82 S.W.2d 688, error refused; Stahlman v. McManus, Tex.Civ.App., 93 S.W.2d 470; National Loan & Investment Co. v. Browne, Tex.Civ.App., 98 S.W.2d 271. Therefore, all of the points and assignments of appellant Jordan are overruled.

The judgment of the trial court is affirmed.