

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 24, 1965

Mrs. Marie Hudson
Firemen's Pension Commissioner
1010 Sam Houston Building
Austin, Texas

Opinion No. C-446

Re: Whether, under Section 17 of
Article 6243e, V.C.S., the Board
of Firemen's Relief and Retire-
ment Fund Trustees of Galveston,
Texas, is authorized to pay
pension benefits to a wife, who
pensioner married after his
retirement, and pensioner is in
the penitentiary serving a
sentence for a felony.

Dear Mrs. Hudson:

Your recent request for an opinion of this office reads in
part as follows:

"The Firemen's Pension Board of Galveston, Texas,
has requested that I secure your official ruling on
a matter involving Sections 17 and 12 of the Firemen's
Pension Law.  (Article 6243e, Vernon's Civil Statutes)

"Galveston has a fireman who retired under the
provisions of the Law pertaining to age and service -
Section 6.  This fireman had served in the Fire
Department for more than thirty years and was past
age 55.  After his retirement he re-married.

"This retired fireman has been convicted of a
felony and given a two-year sentence in the penitentiary.
Section 17 of the Firemen's Pension Law states:

'Whenever any person who shall have been granted an allowance hereunder shall have been convicted of a felony, then the Board of Trustees shall order the allowance so granted or allowed such person discontinued, and in lieu thereof, order paid to his wife, and/or dependent child, children or dependent parent, the amount herein provided to be paid such dependent or dependents in case of the death of the person so originally granted or entitled to allowance.'

"Inasmuch as this fireman married his present wife after his retirement and she would not be entitled to widow's benefits in the event of his death - as set out in Section 12 - would the Galveston Pension Board be permitted to pay benefits to the present wife.

"The Galveston firemen feel that this fireman put in more than the required years and met all of the other requirements for retirement and that he is entitled to the pension which he has rightfully and by Law earned. It would seem to this office that benefits should be paid to his present wife but we respectfully request your ruling on the exact interpretation of Sections 17 and 12 as it pertains to this particular case."

Article 6243e, Vernon's Civil Statutes, is known as the Firemen's Relief and Retirement Fund Act. The pertinent provisions of Article 6243e, Vernon's Civil Statutes, are quoted as follows:

"Sec. 12. If any member of any department... who has been retired on allowance because of length of service or disability, shall thereafter die from any cause whatsoever; or if while in service, any member shall die from any cause growing out of and/or in consequence of the performance of his duty; or shall

die from any cause whatsoever after he has become entitled to an allowance or pension certificate and shall leave surviving a widow, ... said Board of Trustees shall order paid a monthly allowance as follows: (a) to the widow, so long as she remain a widow and provided she shall have married such member prior to his retirement, a sum equal to one-third (1/3) of the average monthly salary of the deceased at the time of his retirement on allowance or death; ..." (Emphasis supplied.)

Sec. 17. Whenever any person who shall have been granted an allowance hereunder shall have been convicted of a felony, then the Board of Trustees shall order the allowance so granted or allowed such person discontinued, and in lieu thereof, order paid to his wife, ... dependent parent, the amount herein provided to be paid such dependent or dependents in case of the death of the person so originally granted or entitled to allowance." (Emphasis supplied).

If Section 17, above quoted, in part, is constitutional, as the present wife did not marry the retired fireman prior to his retirement, she would not be entitled to receive an allowance.

Section 21 of Article I of the Texas Constitution provides:

"No conviction shall work corruption of blood, or forfeiture of estate, and the estate of those who destroy their own lives shall descend or vest as in case of natural death." (Emphasis supplied)

In the interpretive commentary in Vernon's Constitution of Texas, it is stated:

"By this broad provision of the Texas Constitution, corruption of blood of forfeiture of estate upon conviction or suicide is prohibited, and it is so explicit as to have precluded controversy in the courts on the subject."

In 12 Tex. Jur. 2d 391, Constitutional Law, Sec. 46, it is stated:

"It is the general rule that an unconstitutional statute, though having the form and name of law, is in reality no law and in legal contemplation is as inoperative as if it had never undergone the formalities of enactment. Such a statute leaves the question that it purports to settle just as it was prior to its ineffectual enactment. It is invalid and imposes no duties, confers no rights, creates no office, bestows no power, affords no protection, and justifies no acts performed under it."

The following cases are cited and fully support the above statement:

Miller v. Davis, 136 Tex 299, 159 SW2d 973 (1941), 136 ALR 177; Colden v. Alexander, 141 Tex 134, 171 SW2d 328 (1943); State v. Shippers Compress & Warehouse Co., 67 SW 1049 (Tex.Civ.App. 1902); Bockhorn, In re 62 Crim Rep 651, 138 SW 706; Davis v. Allison 189 SW 968 (Tex. Civ. App. 1911); Holamn v. Pabst, 27 SW2d 340 (Tex. Civ. App. 1930 Error ref.); Genzer v. Fillip, 134 SW 2d 730 (Tex. Civ. App. 1939 error dismd. judm cor); Cloud v. Cloud, 139 SW2d 826 (Tex. Civ. App. 1940); Lamar Life Ins. Co. v. Jordan, 163 SW2d 215 (Tex. Civ. App. 1940 error ref. w.om.); Halsted, In re  182 SW 2d 479 (Tex. Crim. 1944).

See also Davis v. Laning, 19 SW 846 (Tex. Sup. 1892) which holds that under the laws of Texas, the estate of one sentenced to imprisonment for life does not descend or vest as in case of death. The Supreme Court stated:

"...Attainders, outlawry, deprivation of property except by due process of law, and the corruption of blood or forfeiture of estate, as a result of conviction of crime, are expressly prohibited by the organic law. Const. art. 1 §§ 16, 19-21. Section 21 declares that "no conviction shall work a corruption of blood or forfeiture of estate, and the estates of those who destroy their own lives shall descend or vest as in case of natural death.' ....."

Therefore, it is our opinion that Section 17 of Article 6243e, Vernon's Civil Statutes, being clearly in violation of Section 21 of Article I of our Constitution, the Board of Trustees do not have the authority to order the pension allowance granted to a retired fireman who has been convicted of a felony to be discontinued. The pension checks should be delivered to the retired fireman as provided under the provisions of Article 6243e until his death.

## SUMMARY

Section 17 of Article 6243e, Vernon's Civil Statutes, being clearly in violation of Section 21 of Article I of our Constitution, the Board of Trustees do not have the authority to order the pension allowance granted to a retired fireman who has been convicted of a felony to be discontinued. The pension checks should be delivered to the retired fireman as provided under the provisions of Article 6243e until his death.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By George W. Gray, III
George W. Gray, III
Assistant Attorney General

GWG:me

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

T. B. Wright
Jack Goodman
Linward Shivers
Sam Lane
Wade Anderson

APPROVED FOR THE ATTORNEY GENERAL
BY:   Stanton Stone